IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RAINDANCE TECHNOLOGIES, INC. and THE UNIVERSITY OF CHICAGO, <br><br> Plaintiffs, <br><br> v. <br><br> 10X GENOMICS, INC., <br><br> Defendant. | C.A. No. _____ <br><br> **DEMAND FOR JURY TRIAL** |

## COMPLAINT

RainDance Technologies, Inc. ("RainDance") and the University of Chicago (collectively, "Plaintiffs") hereby allege for their Complaint against Defendant 10X Genomics, Inc. ("10X," or "Defendant"), on personal knowledge as to their own actions and on information and belief as to the actions of others, as follows:

### NATURE OF THE ACTION

1. This is an action for patent infringement arising under the United States Patent Act 35 U.S.C. §§1 *et seq.*, including 35 U.S.C. § 271.

2. RainDance and the University of Chicago bring this action to halt 10X's infringement of Plaintiff's rights under the Patent Laws of the United States 35 U.S.C. §1, *et. seq.*, which arise under U.S. Patent Nos. 8,273,573 ("the '573 Patent'"); 8,304,193 ("the '193 Patent'"); 8,329,407 ("the '407 Patent'"); 8,822,148 ("the '148 Patent'"); 8,889,083 ("the '083 Patent'"); and 7,129,091 ("the '091 Patent'") (collectively, the "Ismagilov Patents").

### THE PARTIES

3. RainDance is a corporation organized and existing under the laws of Delaware, with its principal place of business at 749 Middlesex Turnpike, Billerica, MA 01821.

4. The University of Chicago is an Illinois not-for-profit institution with a principal place of business at 5801 S. Ellis Ave, Chicago, Illinois 60637. The University of Chicago is the owner and licensor of the '573, '193, '407, '148, '083, and '091 Patents.

5. On information and belief, 10X is a company organized and existing under the laws of Delaware, with its principal place of business at 7068 Koll Center Parkway, Suite 401, Pleasanton, CA, 94566.

## JURISDICTION AND VENUE

6. This action for patent infringement arises under the patent laws of the United States, Title 35 of the United States Code.

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. This Court has personal jurisdiction over defendant 10X. 10X has substantial contacts with the forum as a consequence of conducting business in Delaware, and has purposefully availed itself of the benefits and protections of Delaware state law by incorporating under Delaware law.

9. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c), and 1400(b) because RainDance and 10X are both Delaware corporations and Delaware is a convenient forum for resolution of the parties' disputes set forth herein.

## BACKGROUND

10. Since its founding, RainDance has led the transformation in disease research by making innovative tools using its proprietary technologies that simplify complex genetic analysis. RainDance's patented and proven RainDrop® digital droplet system

fundamentally enhances the way researchers and scientists study cell-based and cell-free biomarkers in cancer, infectious disease, and inherited disorders.

11. On information and belief, 10X has in the past monitored and continues to monitor patents, published applications and other publications, and has attended conferences relating to genetic analysis and genome sequencing. As set forth below, 10X has had knowledge of the Ismagilov Patents well before the filing of this action.

12. On information and belief, in or around January 2015, 10X began offering to sell a commercial genetic analysis tool, which it referred to as the 10X Genomics platform. As 10X states on their webpage, the "core underlying technology underlying" of the 10X Genomics platform is a "Reagent Delivery System." 10X further states that the "fundamental building block of this system is a bead loaded with barcoded primers encapsulated in a dynamic reaction chamber." Likewise, on January 14, 2015, 10X presented its 10X Genomics platform at the JP Morgan Healthcare Conference. At that conference, 10X priced the two components of its system: an instrument offered at $75,000 and consumables priced by application.

13. On information and belief, Defendant's 10X Genomic platform and Reagent Delivery System directly infringes the '573, '193, '407, '148, '083, and '091 patents.

## COUNT I
### (Infringement of U.S. Patent No. 8,273,573)

14. Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 13 above as relevant to this count.

15. On September 25, 2012, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,273,573 B2 ("the '573 Patent'"), entitled "Method for Obtaining a Collection of Plugs Comprising Biological Molecules." A copy of the '573 Patent is attached as Exhibit A.

16. Rustem F. Ismagilov, Joshua David Tice, Cory John Gerdts, and Bo Zheng, are the sole and true inventors of the '573 Patent. By operation of law and as a result of written assignment agreements, the University of Chicago obtained the entire right, title and interest to and in the '573 Patent.

17. Pursuant to license agreements RainDance entered into with the University of Chicago, RainDance obtained an exclusive license to the '573 Patent in the field of microfluidic systems, kits and chips.

18. On information and belief, 10X has infringed and continues to infringe one or more claims of the '573 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, selling, and/or offering to sell in the United States without authority and/or importing into the United States without authority, microfluidic DNA sequencing products, devices, systems, and/or components of systems that include the claimed method for obtaining a collection of plugs comprising at least one biological molecule, including, but not limited to, the 10X Genomic platform and Reagent Delivery System.

19. 10X has had knowledge of the '573 Patent at least as early as April 4, 2014, when it cited the '573 Patent in an Information Disclosure Statement ("IDS") filed in United States Patent Application Serial Nos. 14/104650, entitled "Methods and Systems for Processing Polynucleotides; 14/175935, entitled "Partitioning and Processing of Analytes and Other Species"; 14/175973, entitled "Polynucleotide Barcode Generation"; and 13/966150, entitled "Capsule Array Devices and Methods of Use." Copies of the IDSs are attached as Exhibits G, H, I, and J. In addition, 10X has had knowledge of and notice of the '573 Patent and its infringement since at least, and through, the filing and service of the Complaint and despite this knowledge continues to commit the aforementioned infringing acts.

20. On information and belief, 10X actively, knowingly, and intentionally has induced, or has threatened to induce, infringement of the '573 Patent by offering for sale the 10X Genomic platform and Reagent Delivery System with knowledge that its customers will use such products; and with the knowledge and the specific intent to encourage and facilitate those infringing sales and uses of such products through the dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials. 10X is liable for its induced infringement of the '573 Patent pursuant to 35 U.S.C. § 271 (b).

21. On information and belief, 10X has contributed to, or has threatened to contribute to, the infringement by its customers of the '573 Patent by offering to sell the 10X Genomics platform and Reagent Delivery System, knowing the products constitute a material part of the inventions of the '573 Patent, knowing the products to be especially made or adapted to infringe the '573 Patent, and knowing the products are not staple articles or commodities of commerce suitable for substantial non-infringing use. 10X is liable for its contributory infringement of the '573 Patent pursuant to 35 U.S.C. § 271 (c)

22. 10X's infringement of the '573 Patent has injured Plaintiffs in their business and property rights. Plaintiffs are entitled to recover monetary damages for such injuries pursuant to 35 U.S.C. § 284 in an amount to be determined at trial.

23. 10X's infringement of the '573 Patent has caused irreparable harm to Plaintiffs and will continue to cause such harm unless and until 10X's infringing activities are enjoined by this Court.

24. Upon information and belief, 10X's infringement of the '573 Patent has been and is deliberate and willful, entitling RainDance and Chicago to increased damages under 35 U.S.C. § 284 and to attorney's fees and costs incurred in prosecuting this action under 35

U.S.C. § 285. 10X has cited the '573 Patent in all of its publically available patent applications, which indicates 10X had actual knowledge of the '573 Patent. Nevertheless, 10X has infringed and continues to infringe the '573 Patent despite an objectively high likelihood that its actions constitute infringement.

## COUNT II
### (Infringement of U.S. Patent No. 8,304,193)

25.     Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 13 above as relevant to this count.

26.     On November 6, 2012, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,304,193 B2 ("the '193 Patent'"), entitled "Method for Conducting an Autocatalytic Reaction in Plugs in a Microfluidic System." A copy of the '193 Patent is attached as Exhibit B.

27.     Rustem F. Ismagilov, Joshua David Tice, Cory John Gerdts, and Bo Zheng, are the sole and true inventors of the '193 Patent. By operation of law and as a result of written assignment agreements, the University of Chicago obtained the entire right, title and interest to and in the '193 Patent.

28.     Pursuant to license agreements RainDance entered into with the University of Chicago, RainDance obtained an exclusive license to the '193 Patent in the field of microfluidic systems, kits and chips.

29.     On information and belief, 10X has infringed and continues to infringe one or more claims of the '193 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, selling, and/or offering to sell in the United States without authority and/or importing into the United States without authority, microfluidic DNA sequencing products, devices, systems, and/or components of systems that include the claimed

method for conducting an autocatalytic reaction in plugs in a microfluidic system, including, but not limited to, the 10X Genomic platform and Reagent Delivery System.

30. 10X has had knowledge of the '193 Patent at least as early as April 4, 2014 when it cited the '407 and '573 Patents in an IDS filed in United States Patent Application Serial Nos. 14/104650, entitled "Methods and Systems for Processing Polynucleotides; 14/175935, entitled "Partitioning and Processing of Analytes and Other Species"; 14/175973, entitled "Polynucleotide Barcode Generation"; and 13/966150, entitled "Capsule Array Devices and Methods of Use." Copies of the IDSs are attached as Exhibits G, H, I, and J. The '193, '407, and '573 Patents share the same specification and each claim priority to United States Provisional Application No. 60/379,927. In addition, 10X has had knowledge of and notice of the '193 Patent and its infringement since at least, and through, the filing and service of the Complaint and despite this knowledge continues to commit the aforementioned infringing acts.

31. On information and belief, 10X actively, knowingly, and intentionally has induced, or has threatened to induce, infringement of the '193 Patent by offering for sale the 10X Genomic platform and Reagent Delivery System with knowledge that its customers will use such products; and with the knowledge and the specific intent to encourage and facilitate those infringing sales and uses of such products through the dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials. 10X is liable for its induced infringement of the '193 Patent pursuant to 35 U.S.C. § 271 (b).

32. On information and belief, 10X has contributed to, or has threatened to contribute to, the infringement by its customers of the '193 Patent by offering to sell the 10X Genomics platform and Reagent Delivery System, knowing the products constitute a material part of the inventions of the '193 Patent, knowing the products to be especially made or adapted

to infringe the '193 Patent, and knowing the products are not staple articles or commodities of commerce suitable for substantial non-infringing use. 10X is liable for its contributory infringement of the '193 Patent pursuant to 35 U.S.C. § 271 (c).

33. 10X's infringement of the '193 Patent has injured Plaintiffs in their business and property rights. Plaintiffs are entitled to recover monetary damages for such injuries pursuant to 35 U.S.C. § 284 in an amount to be determined at trial.

34. 10X's infringement of the '193 Patent has caused irreparable harm to Plaintiffs and will continue to cause such harm unless and until 10X's infringing activities are enjoined by this Court.

35. Upon information and belief, 10X's infringement of the '193 Patent has been and is deliberate and willful, entitling RainDance and Chicago to increased damages under 35 U.S.C. § 284 and to attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. § 285. 10X has cited the '407 and '573 Patents in all of its publically available patent applications, which indicates 10X had actual knowledge of the '193 Patent, which is related to, and shares the same specification as, the '407 and '573 Patents. Nevertheless, 10X has infringed and continues to infringe the '193 Patent despite an objectively high likelihood that its actions constitute infringement.

## COUNT III
### (Infringement of U.S. Patent No. 8,329,407)

36. Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 13 above as relevant to this count.

37. On December 11, 2012, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,329,407 B2 ("the '407 Patent'"), entitled "Method for

Conducting Reactions Involving Biological Molecules in Plugs in a Microfluidic System." A copy of the '407 Patent is attached to the Complaint as Exhibit C.

38. Rustem F. Ismagilov, Joshua David Tice, Cory John Gerdts, and Bo Zheng, are the sole and true inventors of the '407 Patent. By operation of law and as a result of written assignment agreements, the University of Chicago obtained the entire right, title and interest to and in the '407 Patent.

39. Pursuant to license agreements RainDance entered into with the University of Chicago, RainDance obtained an exclusive license to the '407 Patent in the field of microfluidic systems, kits and chips.

40. On information and belief, 10X has infringed and continues to infringe one or more claims of the '407 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, selling, and/or offering to sell in the United States without authority and/or importing into the United States without authority, microfluidic DNA sequencing products, devices, systems, and/or components of systems that include the claimed method for conducting a reaction in plugs in a microfluidic system, including, but not limited to, the 10X Genomic platform and Reagent Delivery System.

41. 10X has had knowledge of the '407 Patent at least as early as April 4, 2014, when it cited the '407 Patent in an IDS filed in United States Patent Application Serial Nos. 14/104650, entitled "Methods and Systems for Processing Polynucleotides; 14/175935, entitled "Partitioning and Processing of Analytes and Other Species"; 14/175973, entitled "Polynucleotide Barcode Generation"; and 13/966150, entitled "Capsule Array Devices and Methods of Use." Copies of the IDSs are attached as Exhibits G, H, I, and J. In addition, 10X has had knowledge of and notice of the '407 Patent and its infringement since at least, and

through, the filing and service of the Complaint and despite this knowledge continues to commit the aforementioned infringing acts.

42. On information and belief, 10X actively, knowingly, and intentionally has induced, or has threatened to induce, infringement of the '407 Patent by offering for sale the 10X Genomic platform and Reagent Delivery System with knowledge that its customers will use such products; and with the knowledge and the specific intent to encourage and facilitate those infringing sales and uses of such products through the dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials. 10X is liable for its induced infringement of the '407 Patent pursuant to 35 U.S.C. § 271 (b).

43. On information and belief, 10X has contributed to, or has threatened to contribute to, the infringement by its customers of the '407 Patent by offering to sell the 10X Genomics platform and Reagent Delivery System, knowing the products constitute a material part of the inventions of the '407 Patent, knowing the products to be especially made or adapted to infringe the '407 Patent, and knowing the products are not staple articles or commodities of commerce suitable for substantial non-infringing use. 10X is liable for its contributory infringement of the '407 Patent pursuant to 35 U.S.C. § 271 (c).

44. 10X's infringement of the '407 Patent has injured Plaintiffs in their business and property rights. Plaintiffs are entitled to recover monetary damages for such injuries pursuant to 35 U.S.C. § 284 in an amount to be determined at trial.

45. 10X's infringement of the '407 Patent has caused irreparable harm to Plaintiffs and will continue to cause such harm unless and until 10X's infringing activities are enjoined by this Court.

46. Upon information and belief, 10X's infringement of the '407 Patent has been and is deliberate and willful, entitling RainDance and Chicago to increased damages under 35 U.S.C. § 284 and to attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. § 285. 10X has cited the '407 Patent in all of its publically available patent applications, which indicates 10X had actual knowledge of the '407 Patent. Nevertheless, 10X has infringed and continues to infringe the '407 Patent despite an objectively high likelihood that its actions constitute infringement.

### COUNT IV
### (Infringement of U.S. Patent No. 8,822,148)

47. Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 13 above as relevant to this count.

48. On September 2, 2014, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,822,148 B2 ("the '148 Patent'"), entitled "Method of Performing PCR Reaction in Continuously Flowing Microfluidic Plugs." A copy of the '148 Patent is attached as Exhibit D.

49. Rustem F. Ismagilov, Joshua David Tice, Cory John Gerdts, and Bo Zheng, are the sole and true inventors of the '148 Patent. By operation of law and as a result of written assignment agreements, the University of Chicago obtained the entire right, title and interest to and in the '148 Patent.

50. Pursuant to license agreements RainDance entered into with the University of Chicago, RainDance obtained an exclusive license to the '148 Patent in the field of microfluidic systems, kits and chips.

51. On information and belief, 10X has infringed and continues to infringe one or more claims of the '148 Patent pursuant to 35 U.S.C. § 271(a), literally or under the

doctrine of equivalents, by making, using, selling, and/or offering to sell in the United States without authority and/or importing into the United States without authority, microfluidic DNA sequencing products, devices, systems, and/or components of systems that include the claimed method of performing a PCR reaction in microfluidic plugs, including, but not limited to, the 10X Genomic platform and Reagent Delivery System.

52. 10X has had knowledge of the '148 Patent at least as early as April 4, 2014 when it cited the '407 and '573 Patents in an IDS filed in United States Patent Application Serial Nos. 14/104650, entitled "Methods and Systems for Processing Polynucleotides; 14/175935, entitled "Partitioning and Processing of Analytes and Other Species"; 14/175973, entitled "Polynucleotide Barcode Generation"; and 13/966150, entitled "Capsule Array Devices and Methods of Use." Copies of the IDSs are attached as Exhibits G, H, I, and J. The '148, '407, and '573 Patents share the same specification and each claim priority to United States Provisional Application No. 60/379,927. In addition, 10X has had knowledge of and notice of the '148 Patent and its infringement since at least, and through, the filing and service of the Complaint and despite this knowledge continues to commit the aforementioned infringing acts.

53. On information and belief, 10X actively, knowingly, and intentionally has induced, or has threatened to induce, infringement of the '148 Patent by offering for sale the 10X Genomic platform and Reagent Delivery System with knowledge that its customers will use such products; and with the knowledge and the specific intent to encourage and facilitate those infringing sales and uses of such products through the dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials. 10X is liable for its induced infringement of the '148 Patent pursuant to 35 U.S.C. § 271 (b).

54. On information and belief, 10X has contributed to, or has threatened to contribute to, the infringement by its customers of the '148 Patent by offering to sell the 10X Genomics platform and Reagent Delivery System, knowing the products constitute a material part of the inventions of the '148 Patent, knowing the products to be especially made or adapted to infringe the '148 Patent, and knowing the products are not staple articles or commodities of commerce suitable for substantial non-infringing use. 10X is liable for its contributory infringement of the '148 Patent pursuant to 35 U.S.C. § 271 (c).

55. 10X's infringement of the '148 Patent has injured Plaintiffs in their business and property rights. Plaintiffs are entitled to recover monetary damages for such injuries pursuant to 35 U.S.C. § 284 in an amount to be determined at trial.

56. 10X's infringement of the '148 Patent has caused irreparable harm to Plaintiffs and will continue to cause such harm unless and until 10X's infringing activities are enjoined by this Court.

57. Upon information and belief, 10X's infringement of the '148 Patent has been and is deliberate and willful, entitling RainDance and Chicago to increased damages under 35 U.S.C. § 284 and to attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. § 285. 10X has cited the '407 and '573 Patents in all of its publically available patent applications, which indicates 10X had actual knowledge of the '148 Patent, which is related to, and shares the same specification as, the '407 and '573 Patents. Nevertheless, 10X has infringed and continues to infringe the '148 Patent despite an objectively high likelihood that its actions constitute infringement.

## COUNT V
### (Infringement of U.S. Patent No. 8,889,083)

58. Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 13 above as relevant to this count.

59. On November 18, 2014, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,889,083 B2 ("the '083 Patent'"), entitled "Device and Method for Pressure-Driven Plug Transport and Reaction." A copy of the '083 Patent is attached as Exhibit E.

60. Rustem F. Ismagilov, Joshua David Tice, Helen Song, and Lewis Spencer Roach, Jr., are the sole and true inventors of the '083 Patent. By operation of law and as a result of written assignment agreements, the University of Chicago obtained the entire right, title and interest to and in the '083 Patent.

61. Pursuant to license agreements RainDance entered into with the University of Chicago, RainDance obtained an exclusive license to the '083 Patent in the field of microfluidic systems, kits and chips.

62. On information and belief, 10X has infringed and continues to infringe one or more claims of the '083 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, selling, and/or offering to sell in the United States without authority and/or importing into the United States without authority, microfluidic DNA sequencing products, devices, systems, and/or components of systems that include the claimed system and method for conducting a reaction in plugs in a microchannel, including, but not limited to, the 10X Genomic platform and Reagent Delivery System.

63. 10X has had knowledge of the '083 Patent at least as early as April 4, 2014 when it cited the '407 and '573 Patents in an IDS filed in United States Patent Application

Serial Nos. 14/104650, entitled "Methods and Systems for Processing Polynucleotides; 14/175935, entitled "Partitioning and Processing of Analytes and Other Species"; 14/175973, entitled "Polynucleotide Barcode Generation"; and 13/966150, entitled "Capsule Array Devices and Methods of Use." Copies of the IDSs are attached as Exhibits G, H, I, and J. The '083, '407, and '573 Patents share the same specification and each claim priority to United States Provisional Application No. 60/379,927. In addition, 10X has had knowledge of and notice of the '083 Patent and its infringement since at least, and through, the filing and service of the Complaint and despite this knowledge continues to commit the aforementioned infringing acts.

64.    On information and belief, 10X actively, knowingly, and intentionally has induced, or has threatened to induce, infringement of the '083 Patent by offering for sale the 10X Genomic platform and Reagent Delivery System with knowledge that its customers will use such products; and with the knowledge and the specific intent to encourage and facilitate those infringing sales and uses of such products through the dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials. 10X is liable for its induced infringement of the '083 Patent pursuant to 35 U.S.C. § 271 (b).

65.    On information and belief, 10X has contributed to, or has threatened to contribute to, the infringement by its customers of the '083 Patent by offering to sell the 10X Genomics platform and Reagent Delivery System, knowing the products constitute a material part of the inventions of the '083 Patent, knowing the products to be especially made or adapted to infringe the '083 Patent, and knowing the products are not staple articles or commodities of commerce suitable for substantial non-infringing use. 10X is liable for its contributory infringement of the '083 Patent pursuant to 35 U.S.C. § 271 (c).

66. 10X's infringement of the '083 Patent has injured Plaintiffs in their business and property rights. Plaintiffs are entitled to recover monetary damages for such injuries pursuant to 35 U.S.C. § 284 in an amount to be determined at trial.

67. 10X's infringement of the '083 Patent has caused irreparable harm to Plaintiffs and will continue to cause such harm unless and until 10X's infringing activities are enjoined by this Court.

68. Upon information and belief, 10X's infringement of the '083 Patent has been and is deliberate and willful, entitling RainDance and Chicago to increased damages under 35 U.S.C. § 284 and to attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. § 285. 10X has cited the '407 and '573 Patents in all of its publically available patent applications, which indicates 10X had actual knowledge of the '083 Patent, which is related to, and shares the same specification as, the '407 and '573 Patents. Nevertheless, 10X has infringed and continues to infringe the '083 Patent despite an objectively high likelihood that its actions constitute infringement.

## COUNT VI
### (Infringement of U.S. Patent No. 7,129,091)

69. Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 13 above as relevant to this count.

70. On October 31, 2006, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,129,091 B2 ("the '091 Patent'"), entitled "Device and Method for Pressure-Driven Plug Transport and Reaction." A copy of the '091 Patent is attached to the Complaint as Exhibit F.

71. Rustem F. Ismagilov, Joshua David Tice, and Helen Song, are the sole and true inventors of the '091 Patent. By operation of law and as a result of written assignment

agreements, the University of Chicago obtained the entire right, title and interest to and in the '091 Patent.

72. Pursuant to license agreements RainDance entered into with the University of Chicago, RainDance obtained an exclusive license to the '091 Patent in the field of microfluidic systems, kits and chips.

73. On information and belief, 10X has infringed and continues to infringe one or more claims of the '091 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, selling, and/or offering to sell in the United States without authority and/or importing into the United States without authority, microfluidic DNA sequencing products, devices, systems, and/or components of systems that include the claimed system and method for conducting a reaction in plugs in a microchannel, including, but not limited to, the 10X Genomic platform and Reagent Delivery System.

74. 10X has had knowledge of the '091 Patent at least as early as April 4, 2014 when it cited the '407 and '573 Patents in an IDS filed in United States Patent Application Serial Nos. 14/104650, entitled "Methods and Systems for Processing Polynucleotides; 14/175935, entitled "Partitioning and Processing of Analytes and Other Species"; 14/175973, entitled "Polynucleotide Barcode Generation"; and 13/966150, entitled "Capsule Array Devices and Methods of Use." Copies of the IDSs are attached as Exhibits G, H, I, and J. The '091, '407, and '573 Patents share the same specification and each claim priority to United States Provisional Application No. 60/379,927. In addition, 10X has had knowledge of and notice of the '091 Patent and its infringement since at least, and through, the filing and service of the Complaint and despite this knowledge continues to commit the aforementioned infringing acts.

75. On information and belief, 10X actively, knowingly, and intentionally has induced, or has threatened to induce, infringement of the '091 Patent by offering for sale the 10X Genomic platform and Reagent Delivery System with knowledge that its customers will use such products; and with the knowledge and the specific intent to encourage and facilitate those infringing sales and uses of such products through the dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials. 10X is liable for its induced infringement of the '091 Patent pursuant to 35 U.S.C. § 271 (b).

76. On information and belief, 10X has contributed to, or has threatened to contribute to, the infringement by its customers of the '091 Patent by offering to sell the 10X Genomics platform and Reagent Delivery System, knowing the products constitute a material part of the inventions of the '091 Patent, knowing the products to be especially made or adapted to infringe the '091 Patent, and knowing the products are not staple articles or commodities of commerce suitable for substantial non-infringing use. 10X is liable for its contributory infringement of the '091 Patent pursuant to 35 U.S.C. § 271 (c).

77. 10X's infringement of the '091 Patent has injured Plaintiffs in their business and property rights. Plaintiffs are entitled to recover monetary damages for such injuries pursuant to 35 U.S.C. § 284 in an amount to be determined at trial.

78. 10X's infringement of the '091 Patent has caused irreparable harm to Plaintiffs and will continue to cause such harm unless and until 10X's infringing activities are enjoined by this Court.

79. Upon information and belief, 10X's infringement of the '091 Patent has been and is deliberate and willful, entitling RainDance and Chicago to increased damages under 35 U.S.C. § 284 and to attorney's fees and costs incurred in prosecuting this action under 35

U.S.C. § 285. 10X has cited the '407 and '573 Patents in all of its publically available patent applications, which indicates 10X had actual knowledge of the '091 Patent, which is related to, and shares the same specification as, the '407 and '573 Patents. Nevertheless, 10X has infringed and continues to infringe the '091 Patent despite an objectively high likelihood that its actions constitute infringement.

## PRAYER FOR RELIEF

WHEREFORE, RainDance and the University of Chicago pray for relief as follows:

A.     Judgment that 10X has infringed one or more claims of the '573 Patent;

B.     Judgment that 10X has infringed one or more claims of the '193 Patent;

C.     Judgment that 10X has infringed one or more claims of the '407 Patent;

D.     Judgment that 10X has infringed one or more claims of the '148 Patent;

E.     Judgment that 10X has infringed one or more claims of the '083 Patent;

F.     Judgment that 10X has infringed one or more claims of the '091 Patent;

G.     An order permanently enjoining 10X from further infringement of the '573, '193, '407, '148, '083, and '091 Patents;

H.     An award of damages pursuant to 35 U.S.C. § 284;

I.     A determination that 10X's infringement of the '573, '193, '407, '148, '083, and '091 Patents has been and is willful, and an award of enhanced damages, up to and including trebling of the damages awarded to RainDance and the University of Chicago;

J.     An award to RainDance and the University of Chicago of their costs and reasonable expenses to the fullest extent permitted by law;

      K.      A declaration that this case is exceptional pursuant to 35 U.S.C. § 285, and an award of attorneys' fees and costs; and

      L.      An award of such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), RainDance and the University of Chicago hereby demand a trial by jury on all issues so triable.

                                                      MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                                                      */s/ Jack B. Blumenfeld*

                                                      Jack B. Blumenfeld (#1014)
                                                      Karen Jacobs (#2881)
                                                      1201 North Market Street
                                                      P.O. Box 1347
                                                      Wilmington, DE  19899
                                                      (302) 658-9200
                                                      jblumenfeld@mnat.com
                                                      kjacobs@mnat.com

                                                      *Attorneys for Plaintiffs*

OF COUNSEL:

Edward R. Reines
Sonal N. Mehta
Derek C. Walter
Blake Davis
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA  94065
(650) 8002-3000

February 12, 2015