IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RAINDANCE TECHNOLOGIES, INC. and THE UNIVERSITY OF CHICAGO, | ) ) ) |
| Plaintiffs, | ) ) ) C.A. No. 15-152 (RGA) |
| v. | ) ) **DEMAND FOR JURY TRIAL** |
| 10X GENOMICS, INC., | ) ) |
| Defendant. | ) |

## FIRST AMENDED COMPLAINT

RainDance Technologies, Inc. ("RainDance") and the University of Chicago (collectively, "Plaintiffs") hereby allege for their First Amended Complaint ("Complaint") against Defendant 10X Genomics, Inc. ("10X," or "Defendant"), on personal knowledge as to their own actions and on information and belief as to the actions of others, as follows:

## NATURE OF THE ACTION

1.     This is an action for patent infringement arising under the United States Patent Act 35 U.S.C. §§1 *et seq.*, including 35 U.S.C. § 271.

2.     RainDance by itself brings this action to halt 10X's infringement of RainDance's rights under the Patent Laws of the United States 35 U.S.C. §1, et. seq., which arise under U.S. Patent No. 8,658,430 ("the '430 Patent").

3.     RainDance and the University of Chicago bring this action to halt 10X's infringement of Plaintiff's rights under the Patent Laws of the United States 35 U.S.C. §1, *et. seq.*, which arise under U.S. Patent Nos. 8,273,573 ("the '573 Patent"); 8,304,193 ("the '193 Patent"); 8,329,407 ("the '407 Patent"); 8,822,148 ("the '148 Patent"); 8,889,083 ("the '083 Patent"); and 7,129,091 ("the '091 Patent") (collectively, the "Ismagilov Patents").

## THE PARTIES

4.      RainDance is a corporation organized and existing under the laws of Delaware, with its principal place of business at 749 Middlesex Turnpike, Billerica, MA 01821.

5.      The University of Chicago is an Illinois not-for profit institution with a principal place of business at 5801 S. Ellis Ave, Chicago, Illinois 60637. Chicago is the patent owner and licensor for the '573, '193, '407, '148, '083, and '091 Patents.

6.      10X is a company organized and existing under the laws of Delaware, with its principal place of business at 7068 Koll Center Parkway, Suite 401, Pleasanton, CA, 94566.

## JURISDICTION AND VENUE

7.      This action for patent infringement arises under the patent laws of the United States, Title 35 of the United States Code.

8.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9.      This Court has personal jurisdiction over defendant 10X.  10X has substantial contacts with the forum as a consequence of conducting business in Delaware, and has purposefully availed itself of the benefits and protections of Delaware state law by incorporating under Delaware law.

10.      Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c), and 1400(b) because RainDance and 10X are both Delaware corporations and Delaware is a convenient forum for resolution of the parties' disputes set forth herein.

## BACKGROUND

11.     Since its founding, RainDance has led the transformation in disease research by making innovative tools using its proprietary technologies that simplify complex genetic analysis.   RainDance's patented and proven RainDrop® digital droplet system fundamentally enhances the way researchers and scientists study cell-based and cell-free biomarkers in cancer, infectious disease, and inherited disorders.

12.     10X and RainDance are close competitors in the emerging field of using microfluidic devices to deliver biological reagents so that complex genetic analysis may be simplified and scaled.   On information and belief, 10X monitors RainDance's business and technical activities closely.   For instance, representatives from 10X have frequently attended scientific meetings and seminars (such as the JP Morgan Healthcare Conference, the Advances in Genome Biology and Technology conference, and the American Association for Cancer Research conference) at which RainDance has presented its most recent technical developments. Representatives from 10X regularly interact directly with representatives from RainDance at such meetings regarding RainDance's technology and research and development.   In fact, on information and belief, 10X has recently described its technology as purportedly being the "next generation" of RainDance's proprietary technology.

13.     On information and belief, and as will likely have evidentiary support after a reasonable opportunity for further investigation or discovery, 10X has monitored and continues to monitor patents, published applications, and other publications relating to genetic analysis and genome sequencing, including the patents, published applications, and other publications of its competitors in the microfluidics and genetic analysis fields, such as RainDance. For instance, at least one 10X executive, Kevin Ness, expressly informed RainDance's co-founder and chief

technology officer at scientific meetings that he has followed his technical work.  Likewise, 10X's general counsel and vice president of intellectual property "specializes in building and defending dominant intellectual property portfolios in the life science space" and thus, on information and belief, monitors intellectual property as part of his job duties.  Exhibit L, *available at* http://10xgenomics.com/company.  Furthermore, as set forth below, 10X has had knowledge of the Ismagilov Patents since well before the filing of this action.

14.     Prior to January 2015, 10X had been operating in "stealth mode."  In or around January 2015, 10X emerged from stealth mode and began offering to sell a commercial genetic analysis tool, which it referred to as the 10X Genomics platform.  On January 14, 2015, 10X presented details regarding its 10X Genomics platform at the JP Morgan Healthcare Conference.  At that conference, 10X priced two components of its system: an instrument offered at $75,000 and consumables priced by application.

15.     10X is now marketing the commercial genetic analysis tool as the "GemCode Platform."  The GemCode Platform is 10X's sole product, and includes three components: (1) the GemCode Instrument, (2) GemCode Reagents, and (3) GemCode Software.  As 10X states on their webpage, the "GemCode Platform is a molecular barcoding and analysis suite that delivers structural variants, haplotypes, and other valuable long range contextual information for a broad range of applications including targeted, exome, and whole genome sequencing."  Exhibit M, *available at* http://10xgenomics.com/products.  The GemCode Instrument is "designed to rapidly and efficiently automate the equivalent of over a million pipetting steps for highly parallel sample partitioning and molecular barcoding…The instrument utilizes advanced microfluidics that partition 8 samples in parallel in ~5 minutes."  *Id.*

16.     Furthermore, on the "Technology" tab of its website, 10X explains that the "GemCode Technology underlying [the GemCode Platform] is an innovative reagent delivery system and set of algorithms and software." Exhibit N, *available at* 10xgenomics.com/technology. 10X specifies that the "GemCode reagent delivery system partitions arbitrarily long DNA molecules (including >100kb) and prepares sequencing libraries in parallel such that all fragments produced within a partition share a common barcode. A simple workflow combines large partition numbers with a massively diverse barcode library to generate >100,000 barcode containing partitions in a matter of minutes." *Id.* The following image from 10X's website exemplifies the reagent delivery system of the 10X instrument, including the reagents and chemical components used in connection with the instrument:



*Id.*

17.     Similarly, 10X's presentation at the January 2015 J.P. Morgan Healthcare Conference entitled the "Ultimate Reagent Delivery System" for "High-Throughput GEM Generation" contained nearly identical images that depict the structure of 10X's GemCode Instrument along with the GemCode Gel-Beads that are part of the GemCode Reagents:



Exhibit O at 2.

18.     Moreover, on February 27, 2015, 10X presented its GemCode Platform at the Advances in Genome Biology and Technology (AGBT) meeting in Marco Island, Florida. *See* Exhibit O.  During that presentation, 10X provided another image of the reagent delivery system of the GemCode Instrument that was consistent with its earlier depictions:



Exhibit P at 2.

19.     10X described four steps that were part of the reagent delivery system: (1) molecular barcoding in GEMs, (2) Pool, Ligate Right adapter, (3) Sample Indexing PCR, (4) Sequence and Analyze.



Exhibit P at 3.

20.     10X also explains on its website that the "GemCode Software maps short read data to original long molecules using the barcodes provided by the reagent delivery system."  Exhibit N, *available at* 10xgenomics.com/technology.

21.     At the AGBT conference, 10X stated that the GemCode Platform was "available" and that 10x was "accepting orders."   10X priced the GemCode Instrument at $75,000 and the GemCode Reagents at $500 per sample:



Exhibit P at 4.  In fact, at the AGBT meeting, 10X customers from institutions including the Broad Institute, the Dana Farber Cancer Institute, and multiple major research universities presented data based on use of the GemCode platform.

22.    On information and belief, the reagent delivery system of Defendant's GemCode Instrument directly infringes the '430, '573, '193, '407, '148, '083, and '091 patents.

**COUNT I (By RainDance)**
**(Infringement of U.S. Patent No. 8,658,430)**

23.    RainDance re-alleges and incorporates by this reference the allegations contained in paragraphs 1 through 22 above as relevant to this count.

24.    On February 25, 2014, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,658,430 B2 ("the '430 Patent"), entitled "Manipulating Droplet Size."  A copy of the '430 Patent is attached to the Complaint as Exhibit A.

25.     Benjamin J. Miller, Qun Zhong, and Darren Roy Link, are the sole and true inventors of the '430 Patent.  By operation of law and as a result of written assignment agreements, RainDance obtained the entire right, title and interest to and in the '430 Patent.

26.     On information and belief, 10X has infringed and continues to infringe at least Claim 1 of the '430 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by using in the United States without authority microfluidic DNA sequencing products, devices, systems, and/or components of systems that perform the claimed method for droplet formation, including, but not limited to, 10X's GemCode Instrument.  *See supra* ¶¶ 16-19.

27.     On information and belief, and as will likely have evidentiary support after a reasonable opportunity for further investigation or discovery, 10X has had knowledge of the '430 Patent by virtue of its efforts to monitor RainDance's patent applications and publications.  For instance, at least one 10X executive, Kevin Ness, has expressly informed RainDance's co-founder and chief technology officer at scientific meetings that he has followed his technical work.  10X has also publicly described its technology as purportedly the "next generation" of RainDance's proprietary technology.  Likewise, 10X's general counsel and vice president of intellectual property "specializes in building and defending dominant intellectual property portfolios in the life science space" and thus, on information and belief, monitors intellectual property as part of his job duties.  In addition, 10X has had knowledge of and notice of the '430 Patent and its infringement since at least, and through, the filing and service of this Complaint.  Despite this knowledge 10X continues to commit the aforementioned infringing acts.

28.     10X actively, knowingly, and intentionally has induced, or has threatened to induce, infringement of at least Claim 1 of the '430 Patent by controlling the design and

manufacture of, offering for sale, and selling the GemCode Instrument and GemCode Reagents with the knowledge and specific intent that its customers will use these components to infringe by performing the claimed method for droplet formation.

29.    10X has further actively, knowingly, and intentionally induced, or has threatened to induce, infringement of at least Claim 1 of the '430 Patent with the knowledge and the specific intent to encourage and facilitate infringing uses of such products by its customers through, for instance, the dissemination of promotional and marketing materials relating to the GemCode Platform, the creation of distribution channels for the GemCode Platform in the United States, the distribution of instructions for use of the GemCode Platform in the United States, the provision of technical support for the GemCode Platform in the United States, and the open-source distribution of software for the analysis of data that results from the GemCode Instrument.  For instance, 10X asserts on its website that the "GemCode Technology underlying [the GemCode Platform] is an innovative reagent delivery system and set of algorithms and software."  Exhibit N, *available* at 10xgenomics.com/technology.  Likewise, 10X's website asserts that the GemCode Software uses "barcodes provided by the reagent delivery system," and that "the platform and tools used to build the GemCode Software are open-source."  Exhibit M, *available at* 10xgenomics.com/products.  10X induces infringement by, for instance, stating that it "encourage[s] others to contribute to the project and to use it to build their own informatics pipelines."  Exhibit Q, *available at* 10xgenomics.com/community.  On information and belief, 10X distributes other instructional materials, product manuals, and technical materials with the knowledge and the specific intent to encourage and facilitate the infringing sale and use of its GemCode Platform.  10X is liable for its induced infringement of the '430 Patent pursuant to 35 U.S.C. § 271 (b).

30.     10X has contributed to, or has threatened to contribute to, the infringement by its customers of the '430 Patent by, without authority, selling and offering to sell within the United States materials and apparatuses for practicing the claimed invention of the '430 Patent, including at least the GemCode Instrument and GemCode Reagents.  *See supra* ¶¶ 16-19.  When, for example, the GemCode Instrument and GemCode Reagents are used by 10X's customers for partitioning long DNA molecules, the claimed method for droplet formation is performed, thereby infringing, literally or under the doctrine of equivalents, at least Claim 1 of the '430 Patent.  These components, supplied by 10X, constitute material parts of the claimed invention of the '430 Patent.

31.     On information and belief, 10X knows that the GemCode Instrument and GemCode Reagents constitute a material part of the inventions of the '430 Patent and not a staple article or commodity of commerce suitable for substantial noninfringing use.  For example, 10X asserts that the reagent delivery system (which includes the GemCode Instrument and GemCode Reagents) of the GemCode platform is the "underlying technology" of the GemCode Platform.  *See* Exhibit N, *available at* 10xgenomics.com/technology.  Likewise, 10X knows that the reagent delivery system of the GemCode platform provides barcodes for use with the GemCode Software, and that the GemCode Instrument is not a staple article or commodity of commerce suitable for substantial non-infringing use because the GemCode Instrument has no use apart from infringing the '430 Patent.  10X is liable for its contributory infringement of the '430 Patent pursuant to 35 U.S.C. § 271(c).

32.     10X's infringement of the '430 Patent has injured RainDance in its business and property rights.  RainDance is entitled to recover monetary damages for such injuries pursuant to 35 U.S.C. § 284 in an amount to be determined at trial.

33.     10X's infringement of the '430 Patent has caused irreparable harm to RainDance and will continue to cause such harm unless and until 10X's infringing activities are enjoined by this Court.

**COUNT II (By RainDance and the University of Chicago)**
**(Infringement of U.S. Patent No. 8,273,573)**

34.     Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 22 above as relevant to this count.

35.     On September 25, 2012, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,273,573 B2 ("the '573 Patent'), entitled "Method for Obtaining a Collection of Plugs Comprising Biological Molecules." A copy of the '573 Patent is attached to the Complaint as Exhibit B.

36.     Rustem F. Ismagilov, Joshua David Tice, Cory John Gerdts, and Bo Zheng, are the sole and true inventors of the '573 Patent.  By operation of law and as a result of written assignment agreements, the University of Chicago obtained the entire right, title and interest to and in the '573 Patent.

37.     Pursuant to license agreements RainDance entered into with the University of Chicago, RainDance obtained an exclusive license to the '573 Patent in the field of microfluidic systems, kits and chips.

38.     On information and belief, 10X has infringed and continues to infringe at least Claim 1 of the '573 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by using, within the United States without authority microfluidic DNA sequencing products, devices, systems, and/or components of systems that perform the claimed method for obtaining a collection of plugs comprising at least one biological molecule, including, but not limited to 10X's GemCode Instrument. *See supra* ¶¶ 16-19.

12

39.     10X has had knowledge of the '573 Patent at least as early as April 4, 2014, when it cited the '573 Patent in an Information Disclosure Statement ("IDS") filed in United States Patent Application Serial Nos. 14/104650, entitled "Methods and Systems for Processing Polynucleotides"; 14/175935, entitled "Partitioning and Processing of Analytes and Other Species"; 14/175973, entitled "Polynucleotide Barcode Generation"; and 13/966150, entitled "Capsule Array Devices and Methods of Use."   Copies of the IDSs are attached as Exhibits H, I, J, and K.  In addition, 10X has had knowledge of and notice of the '573 Patent and its infringement since at least, and through, the filing and service of Plaintiff's original Complaint on February 12, 2015 and despite this knowledge continues to commit the aforementioned infringing acts.

40.     10X actively, knowingly, and intentionally has induced, or has threatened to induce, infringement of at least Claim 1 of the '573 Patent by controlling the design and manufacture of, offering for sale, and selling the GemCode Instrument and GemCode Reagents with the knowledge and specific intent that its customers will use these components to infringe by performing the claimed method for obtaining a collection of plugs comprising at least one biological molecule.

41.     10X has further actively, knowingly, and intentionally induced, or has threatened to induce, infringement of at least Claim 1 of the '573 Patent with the knowledge and the specific intent to encourage and facilitate infringing uses of such products by its customers through, for instance, the dissemination of promotional and marketing materials relating to the GemCode Platform, the creation of distribution channels for the GemCode Platform in the United States, the distribution of instructions for use of the GemCode Platform in the United States, the provision of technical support for the GemCode Platform in the United States, and the

open-source distribution of software for the analysis of data that results from the GemCode Instrument.  For instance, 10X asserts on its website that the "GemCode Technology underlying [the GemCode Platform] is an innovative reagent delivery system and set of algorithms and software."  Exhibit N, *available* at 10xgenomics.com/technology.  Likewise, 10X's website asserts that the GemCode Software uses "barcodes provided by the reagent delivery system," and that "the platform and tools used to build the GemCode Software are open-source."  Exhibit M, *available at* 10xgenomics.com/products.  10X induces infringement by, for instance, stating that it "encourage[s] others to contribute to the project and to use it to build their own informatics pipelines."  Exhibit Q, *available at* 10xgenomics.com/community.  On information and belief, 10X distributes other instructional materials, product manuals, and technical materials with the knowledge and the specific intent to encourage and facilitate the infringing sale and use of its GemCode Platform.  10X is liable for its induced infringement of the '573 Patent pursuant to 35 U.S.C. § 271 (b).

42.     10X has contributed to, or has threatened to contribute to, the infringement by its customers of the '573 Patent by, without authority, selling and offering to sell within the United States materials and apparatuses for practicing the claimed invention of the '573 Patent, including at least the GemCode Instrument and GemCode Reagents.  *See supra* ¶¶ 16-19.  When, for example, the GemCode Instrument and GemCode Reagents are used by 10X's customers for partitioning long DNA molecules, the claimed method for obtaining a collection of plugs is performed, thereby infringing, literally or under the doctrine of equivalents, at least Claim 1 of the '573 Patent.  These components, supplied by 10X, constitute material parts of the claimed invention of the '573 Patent.

43.     On information and belief, 10X knows that the GemCode Instrument and GemCode Reagents constitute a material part of the inventions of the '573 Patent and not a staple article or commodity of commerce suitable for substantial noninfringing use.  For example, 10X asserts that the reagent delivery system (which includes the GemCode Instrument and GemCode Reagents) of the GemCode platform is the "underlying technology" of the GemCode Platform. *See* Exhibit N, *available at* 10xgenomics.com/technology.  Likewise, 10X knows that the reagent delivery system of the GemCode platform provides barcodes for use with the GemCode Software, and that the GemCode Instrument is not a staple article or commodity of commerce suitable for substantial non-infringing use because the GemCode Instrument has no use apart from infringing the '573 Patent.  10X is liable for its contributory infringement of the '573 Patent pursuant to 35 U.S.C. § 271(c).

44.     10X's infringement of the '573 Patent has injured Plaintiffs in their business and property rights.  Plaintiffs are entitled to recover monetary damages for such injuries pursuant to 35 U.S.C. § 284 in an amount to be determined at trial.

45.     10X's infringement of the '573 Patent has caused irreparable harm to Plaintiffs and will continue to cause such harm unless and until 10X's infringing activities are enjoined by this Court.

### COUNT III (By RainDance and the University of Chicago)
### (Infringement of U.S. Patent No. 8,304,193)

46.     Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 22 above as relevant to this count.

47.     On November 6, 2012, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,304,193 B2 ("the '193 Patent'), entitled "Method for

Conducting an Autocatalytic Reaction in Plugs in a Microfluidic System." A copy of the '193 Patent is attached to the Complaint as Exhibit C.

48.     Rustem F. Ismagilov, Joshua David Tice, Cory John Gerdts, and Bo Zheng, are the sole and true inventors of the '193 Patent. By operation of law and as a result of written assignment agreements, the University of Chicago obtained the entire right, title and interest to and in the '193 Patent.

49.     Pursuant to license agreements RainDance entered into with the University of Chicago, RainDance obtained an exclusive license to the '193 Patent in the field of microfluidic systems, kits and chips.

50.     On information and belief, 10X has infringed and continues to infringe at least Claim 1 of the '193 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by using within the United States without authority microfluidic DNA sequencing products, devices, systems, and/or components of systems that perform the claimed method for conducting an autocatalytic reaction in plugs in a microfluidic system, including, but not limited to 10X's GemCode Instrument. *See supra* ¶¶ 16-19.

51.     10X has had knowledge of the '193 Patent at least as early as April 4, 2014, when it cited the '407 and '573 Patents in an IDS filed in United States Patent Application Serial Nos. 14/104650, entitled "Methods and Systems for Processing Polynucleotides"; 14/175935, entitled "Partitioning and Processing of Analytes and Other Species"; 14/175973, entitled "Polynucleotide Barcode Generation"; and 13/966150, entitled "Capsule Array Devices and Methods of Use." Copies of the IDSs are attached as Exhibits H, I, J, and K. The '193, '407, and '573 Patents share the same specification and each claim priority to United States Provisional Application No. 60/379,927. In addition, 10X has had knowledge of and notice of

16

the '193 Patent and its infringement since at least, and through, the filing and service of Plaintiff's original Complaint on February 12, 2015 and despite this knowledge continues to commit the aforementioned infringing acts.

52.     10X actively, knowingly, and intentionally has induced, or has threatened to induce, infringement of at least Claim 1 of the '193 Patent by controlling the design and manufacture of, offering for sale, and selling the GemCode Instrument and GemCode Reagents with the knowledge and specific intent that its customers will use these components to infringe by performing the claimed method for conducting an autocatalytic reaction in plugs in a microfluidic system.

53.     10X has further actively, knowingly, and intentionally induced, or has threatened to induce, infringement of at least Claim 1 of the '193 Patent with the knowledge and the specific intent to encourage and facilitate infringing uses of such products by its customers through, for instance, the dissemination of promotional and marketing materials relating to the GemCode Platform, the creation of distribution channels for the GemCode Platform in the United States, the distribution of instructions for use of the GemCode Platform in the United States, the provision of technical support for the GemCode Platform in the United States, and the open-source distribution of software for the analysis of data that results from the GemCode Instrument. For instance, 10X asserts on its website that the "GemCode Technology underlying [the GemCode Platform] is an innovative reagent delivery system and set of algorithms and software."  Exhibit N, *available* at 10xgenomics.com/technology.  Likewise, 10X's website asserts that the GemCode Software uses "barcodes provided by the reagent delivery system," and that "the platform and tools used to build the GemCode Software are open-source."  Exhibit M, *available at* 10xgenomics.com/products.  10X induces infringement by, for instance, stating that

it "encourage[s] others to contribute to the project and to use it to build their own informatics pipelines."  Exhibit Q, *available at* 10xgenomics.com/community.  On information and belief, 10X distributes other instructional materials, product manuals, and technical materials with the knowledge and the specific intent to encourage and facilitate the infringing sale and use of its GemCode Platform.  10X is liable for its induced infringement of the '193 Patent pursuant to 35 U.S.C. § 271 (b).

54.    10X has contributed to, or has threatened to contribute to, the infringement by its customers of the '193 Patent by, without authority, selling and offering to sell within the United States materials and apparatuses for practicing the claimed invention of the '193 Patent, including at least the GemCode Instrument and GemCode Reagents.  *See supra* ¶¶ 16-19.  When, for example, the GemCode Instrument and GemCode Reagents are used by 10X's customers for partitioning long DNA molecules, the claimed method for conducting an autocatalytic reaction in plugs in a microfluidic system is performed, thereby infringing, literally or under the doctrine of equivalents, at least Claim 1 of the '193 Patent.  These components, supplied by 10X, constitute material parts of the claimed invention of the '193 Patent.

55.    On information and belief, 10X knows that the GemCode Instrument and GemCode Reagents constitute a material part of the inventions of the '193 Patent and not a staple article or commodity of commerce suitable for substantial noninfringing use.  For example, 10X asserts that the reagent delivery system (which includes the GemCode Instrument and GemCode Reagents) of the GemCode platform is the "underlying technology" of the GemCode Platform. *See* Exhibit N, *available at* 10xgenomics.com/technology.  Likewise, 10X knows that the reagent delivery system of the GemCode platform provides barcodes for use with the GemCode Software, and that the GemCode Instrument is not a staple article or commodity of commerce

suitable for substantial non-infringing use because the GemCode Instrument has no use apart from infringing the '193 Patent.  10X is liable for its contributory infringement of the '193 Patent pursuant to 35 U.S.C. § 271(c).

56.     10X's infringement of the '193 Patent has injured Plaintiffs in their business and property rights.  Plaintiffs are entitled to recover monetary damages for such injuries pursuant to 35 U.S.C. § 284 in an amount to be determined at trial.

57.     10X's infringement of the '193 Patent has caused irreparable harm to Plaintiffs and will continue to cause such harm unless and until 10X's infringing activities are enjoined by this Court.

<b>COUNT IV (By RainDance and the University of Chicago)</b><br><b>(Infringement of U.S. Patent No. 8,329,407)</b>

58.     Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 22 above as relevant to this count.

59.     On December 11, 2012 the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,329,407 B2 ("the '407 Patent'), entitled "Method for Conducting Reactions Involving Biological Molecules in Plugs in a Microfluidic System." A copy of the '407 Patent is attached to the Complaint as Exhibit D.

60.     Rustem F. Ismagilov, Joshua David Tice, Cory John Gerdts, and Bo Zheng, are the sole and true inventors of the '407 Patent. By operation of law and as a result of written assignment agreements, the University of Chicago obtained the entire right, title and interest to and in the '407 Patent.

61.     Pursuant to license agreements RainDance entered into with the University of Chicago, RainDance obtained an exclusive license to the '407 Patent in the field of microfluidic systems, kits and chips.

62.     On information and belief, 10X has infringed and continues to infringe at least Claim 1 of the '407 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by using within the United States without authority microfluidic DNA sequencing products, devices, systems, and/or components of systems that perform the claimed method for conducting a reaction in plugs in a microfluidic system, including, but not limited to, 10X's GemCode Instrument. *See supra* ¶¶ 16-19.

63.     10X has had knowledge of the '407 Patent at least as early as April 4, 2014, when it cited the '407 Patent in an IDS filed in United States Patent Application Serial Nos. 14/104650, entitled "Methods and Systems for Processing Polynucleotides"; 14/175935, entitled "Partitioning and Processing of Analytes and Other Species"; 14/175973, entitled "Polynucleotide Barcode Generation"; and 13/966150, entitled "Capsule Array Devices and Methods of Use." Copies of the IDSs are attached as Exhibits H, I, J, and K.  In addition, 10X has had knowledge of and notice of the '407 Patent and its infringement since at least, and through, the filing and service of Plaintiff's original Complaint on February 12, 2015 and despite this knowledge continues to commit the aforementioned infringing acts.

64.     10X actively, knowingly, and intentionally has induced, or has threatened to induce, infringement of at least Claim 1 of the '407 Patent by controlling the design and manufacture of, offering for sale, and selling the GemCode Instrument and GemCode Reagents with the knowledge and specific intent that its customers will use these components to infringe by performing the claimed method for conducting a reaction in plugs in a microfluidic system.

65.     10X has further actively, knowingly, and intentionally induced, or has threatened to induce, infringement of at least Claim 1 of the '407 Patent with the knowledge and the specific intent to encourage and facilitate infringing uses of such products by its customers

through, for instance, the dissemination of promotional and marketing materials relating to the GemCode Platform, the creation of distribution channels for the GemCode Platform in the United States, the distribution of instructions for use of the GemCode Platform in the United States, the provision of technical support for the GemCode Platform in the United States, and the open-source distribution of software for the analysis of data that results from the GemCode Instrument.  For instance, 10X asserts on its website that the "GemCode Technology underlying [the GemCode Platform] is an innovative reagent delivery system and set of algorithms and software."  Exhibit N, *available* at 10xgenomics.com/technology.  Likewise, 10X's website asserts that the GemCode Software uses "barcodes provided by the reagent delivery system," and that "the platform and tools used to build the GemCode Software are open-source."  Exhibit M, *available at* 10xgenomics.com/products.  10X induces infringement by, for instance, stating that it "encourage[s] others to contribute to the project and to use it to build their own informatics pipelines."  Exhibit Q, *available at* 10xgenomics.com/community.  On information and belief, 10X distributes other instructional materials, product manuals, and technical materials with the knowledge and the specific intent to encourage and facilitate the infringing sale and use of its GemCode Platform.  10X is liable for its induced infringement of the '407 Patent pursuant to 35 U.S.C. § 271 (b).

66.     10X has contributed to, or has threatened to contribute to, the infringement by its customers of the '407 Patent by, without authority, selling and offering to sell within the United States materials and apparatuses for practicing the claimed invention of the '407 Patent, including at least the GemCode Instrument and GemCode Reagents.  *See supra* ¶¶ 16-19.  When, for example, the GemCode Instrument and GemCode Reagents are used by 10X's customers for partitioning long DNA molecules, the claimed method for conducting a reaction in plugs in a

microfluidic system is performed, thereby infringing, literally or under the doctrine of equivalents, at least Claim 1 of the '407 Patent. These components, supplied by 10X, constitute material parts of the claimed invention of the '407 Patent.

67.     On information and belief, 10X knows that the GemCode Instrument and GemCode Reagents constitute a material part of the inventions of the '407 Patent and not a staple article or commodity of commerce suitable for substantial noninfringing use. For example, 10X asserts that the reagent delivery system (which includes the GemCode Instrument and GemCode Reagents) of the GemCode platform is the "underlying technology" of the GemCode Platform. *See* Exhibit N, *available at* 10xgenomics.com/technology. Likewise, 10X knows that the reagent delivery system of the GemCode platform provides barcodes for use with the GemCode Software, and that the GemCode Instrument is not a staple article or commodity of commerce suitable for substantial non-infringing use because the GemCode Instrument has no use apart from infringing the '407 Patent. 10X is liable for its contributory infringement of the '407 Patent pursuant to 35 U.S.C. § 271(c).

68.     10X's infringement of the '407 Patent has injured Plaintiffs in their business and property rights. Plaintiffs are entitled to recover monetary damages for such injuries pursuant to 35 U.S.C. § 284 in an amount to be determined at trial.

69.     10X's infringement of the '407 Patent has caused irreparable harm to Plaintiffs and will continue to cause such harm unless and until 10X's infringing activities are enjoined by this Court.

### COUNT V (By RainDance and the University of Chicago)
### (Infringement of U.S. Patent No. 8,822,148)

70.     Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 22 above as relevant to this count.

71.     On September 2, 2014 the United States Patent and Trademark Office duly and legally issued U.S. Patent No.8,822,148 B2 ("the '148 Patent"), entitled "Method of Performing PCR Reaction in Continuously Flowing Microfluidic Plugs." A copy of the '148 Patent is attached to the Complaint as Exhibit E.

72.     Rustem F. Ismagilov, Joshua David Tice, Cory John Gerdts, and Bo Zheng, are the sole and true inventors of the '148 Patent.  By operation of law and as a result of written assignment agreements, the University of Chicago obtained the entire right, title and interest to and in the '148 Patent.

73.     Pursuant to license agreements RainDance entered into with the University of Chicago, RainDance obtained an exclusive license to the '148 Patent in the field of microfluidic systems, kits and chips.

74.     On information and belief, 10X has infringed and continues to infringe at least Claim 1 of the '148 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by using within the United States without authority microfluidic DNA sequencing products, devices, systems, and/or components of systems that perform the claimed method of performing a PCR reaction in microfluidic plugs, including, but not limited to, 10X's GemCode Instrument. *See supra* ¶¶ 16-19.

75.     10X has had knowledge of the '148 Patent at least as early as April 4, 2014 when it cited the '407 and '573 Patents in an IDS filed in United States Patent Application Serial Nos. 14/104650, entitled "Methods and Systems for Processing Polynucleotides"; 14/175935, entitled "Partitioning and Processing of Analytes and Other Species"; 14/175973, entitled "Polynucleotide Barcode Generation"; and 13/966150, entitled "Capsule Array Devices and Methods of Use." Copies of the IDSs are attached as Exhibits H, I, J, and K.  The '148, '407,

and '573 Patents share the same specification and each claim priority to United States Provisional Application No. 60/379,927. In addition, 10X has had knowledge of and notice of the '148 Patent and its infringement since at least, and through, the filing and service of Plaintiff's original Complaint on February 12, 2015 and despite this knowledge continues to commit the aforementioned infringing acts.

76.     10X actively, knowingly, and intentionally has induced, or has threatened to induce, infringement of at least Claim 1 of the '148 Patent by controlling the design and manufacture of, offering for sale, and selling the GemCode Instrument and GemCode Reagents with the knowledge and specific intent that its customers will use these components to infringe by performing the claimed method for performing a PCR reaction in microfluidic plugs.

77.     10X has further actively, knowingly, and intentionally induced, or has threatened to induce, infringement of at least Claim 1 of the '148 Patent with the knowledge and the specific intent to encourage and facilitate infringing uses of such products by its customers through, for instance, the dissemination of promotional and marketing materials relating to the GemCode Platform, the creation of distribution channels for the GemCode Platform in the United States, the distribution of instructions for use of the GemCode Platform in the United States, the provision of technical support for the GemCode Platform in the United States, and the open-source distribution of software for the analysis of data that results from the GemCode Instrument. For instance, 10X asserts on its website that the "GemCode Technology underlying [the GemCode Platform] is an innovative reagent delivery system and set of algorithms and software." Exhibit N, *available* at 10xgenomics.com/technology. Likewise, 10X's website asserts that the GemCode Software uses "barcodes provided by the reagent delivery system," and that "the platform and tools used to build the GemCode Software are open-source." Exhibit M,

*available at* 10xgenomics.com/products.  10X induces infringement by, for instance, stating that it "encourage[s] others to contribute to the project and to use it to build their own informatics pipelines."  Exhibit Q, *available at* 10xgenomics.com/community.  On information and belief, 10X distributes other instructional materials, product manuals, and technical materials with the knowledge and the specific intent to encourage and facilitate the infringing sale and use of its GemCode Platform.  10X is liable for its induced infringement of the '148 Patent pursuant to 35 U.S.C. § 271 (b).

78.     10X has contributed to, or has threatened to contribute to, the infringement by its customers of the '148 Patent by, without authority, selling and offering to sell within the United States materials and apparatuses for practicing the claimed invention of the '148 Patent, including at least the GemCode Instrument and GemCode Reagents.  *See supra* ¶¶ 16-19.  When, for example, the GemCode Instrument and GemCode Reagents are used by 10X's customers for partitioning long DNA molecules, the claimed method for performing a PCR reaction in microfluidic plugs is performed, thereby infringing, literally or under the doctrine of equivalents, at least Claim 1 of the '148 Patent.  These components, supplied by 10X, constitute material parts of the claimed invention of the '148 Patent.

79.     On information and belief, 10X knows that the GemCode Instrument and GemCode Reagents constitute a material part of the inventions of the '148 Patent and not a staple article or commodity of commerce suitable for substantial noninfringing use.  For example, 10X asserts that the reagent delivery system (which includes the GemCode Instrument and GemCode Reagents) of the GemCode platform is the "underlying technology" of the GemCode Platform.  *See* Exhibit N, *available at* 10xgenomics.com/technology.  Likewise, 10X knows that the reagent delivery system of the GemCode platform provides barcodes for use with the GemCode

Software, and that the GemCode Instrument is not a staple article or commodity of commerce suitable for substantial non-infringing use because the GemCode Instrument has no use apart from infringing the '148 Patent.  10X is liable for its contributory infringement of the '148 Patent pursuant to 35 U.S.C. § 271(c).

80.     10X's infringement of the '148 Patent has injured Plaintiffs in their business and property rights.  Plaintiffs are entitled to recover monetary damages for such injuries pursuant to 35 U.S.C. § 284 in an amount to be determined at trial.

81.     10X's infringement of the '148 Patent has caused irreparable harm to Plaintiffs and will continue to cause such harm unless and until 10X's infringing activities are enjoined by this Court.

<u>**COUNT VI (By RainDance and the University of Chicago)**</u>
**(Infringement of U.S. Patent No. 8,889,083)**

82.     Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 22 above as relevant to this count.

83.     On November 18, 2014 the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,889,083 B2 ("the '083 Patent"), entitled "Device and Method for Pressure-Driven Plug Transport and Reaction."  A copy of the '083 Patent is attached to the Complaint as Exhibit F.

84.     Rustem F. Ismagilov, Joshua David Tice, Helen Song, and Lewis Spencer Roach, Jr., are the sole and true inventors of the '083 Patent. By operation of law and as a result of written assignment agreements, the University of Chicago obtained the entire right, title and interest to and in the '083 Patent.

85.     Pursuant to license agreements RainDance entered into with the University of Chicago, RainDance obtained an exclusive license to the '083 Patent in the field of microfluidic systems, kits and chips.

86.     On information and belief, 10X has infringed and continues to infringe at least Claim 20 of the '083 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, selling, and/or offering to sell in the United States without authority and/or importing into the United States without authority, microfluidic DNA sequencing products, devices, systems, and/or components of systems that perform the claimed method for conducting a reaction in plugs in a microchannel, including, but not limited to, 10X's GemCode Instrument. *See supra* ¶¶ 16-19.

87.     10X has had knowledge of the '083 Patent at least as early as April 4, 2014 when it cited the '407 and '573 Patents in an IDS filed in United States Patent Application Serial Nos. 14/104650, entitled "Methods and Systems for Processing Polynucleotides"; 14/175935, entitled "Partitioning and Processing of Analytes and Other Species"; 14/175973, entitled "Polynucleotide Barcode Generation"; and 13/966150, entitled "Capsule Array Devices and Methods of Use." Copies of the IDSs are attached as Exhibits H, I, J, and K. The '083, '407, and '573 Patents share the same specification and each claim priority to United States Provisional Application No. 60/379,927.  In addition, 10X has had knowledge of and notice of the '083 Patent and its infringement since at least, and through, the filing and service of Plaintiff's original Complaint on February 12, 2015 and despite this knowledge continues to commit the aforementioned infringing acts.

88.     10X actively, knowingly, and intentionally has induced, or has threatened to induce, infringement of at least Claim 20 of the '083 Patent by controlling the design and

manufacture of, offering for sale, and selling the GemCode Instrument and GemCode Reagents with the knowledge and specific intent that its customers will use these components to infringe by performing the claimed method for conducting a reaction in plugs in a microchannel.

89.    10X has further actively, knowingly, and intentionally induced, or has threatened to induce, infringement of at least Claim 20 of the '083 Patent with the knowledge and the specific intent to encourage and facilitate infringing uses of such products by its customers through, for instance, the dissemination of promotional and marketing materials relating to the GemCode Platform, the creation of distribution channels for the GemCode Platform in the United States, the distribution of instructions for use of the GemCode Platform in the United States, the provision of technical support for the GemCode Platform in the United States, and the open-source distribution of software for the analysis of data that results from the GemCode Instrument.  For instance, 10X asserts on its website that the "GemCode Technology underlying [the GemCode Platform] is an innovative reagent delivery system and set of algorithms and software."  Exhibit N, *available* at 10xgenomics.com/technology.  Likewise, 10X's website asserts that the GemCode Software uses "barcodes provided by the reagent delivery system," and that "the platform and tools used to build the GemCode Software are open-source."  Exhibit M, *available at* 10xgenomics.com/products.  10X induces infringement by, for instance, stating that it "encourage[s] others to contribute to the project and to use it to build their own informatics pipelines."   Exhibit Q, *available at* 10xgenomics.com/community.   On information and belief, 10X distributes other instructional materials, product manuals, and technical materials with the knowledge and the specific intent to encourage and facilitate the infringing sale and use of its GemCode Platform.  10X is liable for its induced infringement of the '083 Patent pursuant to 35 U.S.C. § 271 (b).

90.     10X has contributed to, or has threatened to contribute to, the infringement by its customers of the '083 Patent by, without authority, selling and offering to sell within the United States materials and apparatuses for practicing the claimed invention of the '083 Patent, including at least the GemCode Instrument and GemCode Reagents. *See supra* ¶¶ 16-19. When, for example, the GemCode Instrument and GemCode Reagents are used by 10X's customers for partitioning long DNA molecules, the claimed method for conducting a reaction in plugs in a microchannel is performed, thereby infringing, literally or under the doctrine of equivalents, at least Claim 20 of the '083 Patent. These components, supplied by 10X, constitute material parts of the claimed invention of the '083 Patent.

91.     On information and belief, 10X knows that the GemCode Instrument and GemCode Reagents constitute a material part of the inventions of the '083 Patent and not a staple article or commodity of commerce suitable for substantial noninfringing use. For example, 10X asserts that the reagent delivery system (which includes the GemCode Instrument and GemCode Reagents) of the GemCode platform is the "underlying technology" of the GemCode Platform. *See* Exhibit N, *available at* 10xgenomics.com/technology. Likewise, 10X knows that the reagent delivery system of the GemCode platform provides barcodes for use with the GemCode Software, and that the GemCode Instrument is not a staple article or commodity of commerce suitable for substantial non-infringing use because the GemCode Instrument has no use apart from infringing the '083 Patent. 10X is liable for its contributory infringement of the '083 Patent pursuant to 35 U.S.C. § 271(c).

92.     10X's infringement of the '083 Patent has injured Plaintiffs in their business and property rights. Plaintiffs are entitled to recover monetary damages for such injuries pursuant to 35 U.S.C. § 284 in an amount to be determined at trial.

93.     10X's infringement of the '083 Patent has caused irreparable harm to Plaintiffs and will continue to cause such harm unless and until 10X's infringing activities are enjoined by this Court.

### COUNT VII (By RainDance and the University of Chicago)
### (Infringement of U.S. Patent No. 7,129,091)

94.     Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 22 above as relevant to this count.

95.     On October 31, 2006, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,129,091 B2 ("the '091 Patent"), entitled "Device and Method for Pressure-Driven Plug Transport and Reaction." A copy of the '091 Patent is attached to the Complaint as Exhibit G.

96.     Rustem F. Ismagilov, Joshua David Tice, and Helen Song, are the sole and true inventors of the '091 Patent. By operation of law and as a result of written assignment agreements, the University of Chicago obtained the entire right, title and interest to and in the '091 Patent.

97.     Pursuant to license agreements RainDance entered into with the University of Chicago, RainDance obtained an exclusive license to the '091 Patent in the field of microfluidic systems, kits and chips.

98.     On information and belief, 10X has infringed and continues to infringe at least Claim 1 of the '091 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by using within the United States without authority microfluidic DNA sequencing products, devices, systems, and/or components of systems that perform the claimed system and method for conducting a reaction in plugs in a microchannel, including, but not limited to, 10X's GemCode Instrument. *See supra* ¶¶ 16-19.

99.    10X has had knowledge of the '091 Patent at least as early as April 4, 2014 when it cited the '407 and '573 Patents in an IDS filed in United States Patent Application Serial Nos. 14/104650, entitled "Methods and Systems for Processing Polynucleotides"; 14/175935, entitled "Partitioning and Processing of Analytes and Other Species"; 14/175973, entitled "Polynucleotide Barcode Generation"; and 13/966150, entitled "Capsule Array Devices and Methods of Use." Copies of the IDSs are attached as Exhibits H, I, J, and K. The '091, '407, and '573 Patents share substantially overlapping specifications and each claim priority to United States Provisional Application No. 60/379,927.  In addition, 10X has had knowledge of and notice of the '091 Patent and its infringement since at least, and through, the filing and service of Plaintiff's original Complaint on February 12, 2015 and despite this knowledge continues to commit the aforementioned infringing acts.

100.    10X actively, knowingly, and intentionally has induced, or has threatened to induce, infringement of at least Claim 1 of the '091 Patent by controlling the design and manufacture of, offering for sale, and selling the GemCode Instrument and GemCode Reagents with the knowledge and specific intent that its customers will use these components to infringe by performing the claimed method for conducting a reaction in plugs in a microchannel.

101.    10X has further actively, knowingly, and intentionally induced, or has threatened to induce, infringement of at least Claim 1 of the '091 Patent with the knowledge and the specific intent to encourage and facilitate infringing uses of such products by its customers through, for instance, the dissemination of promotional and marketing materials relating to the GemCode Platform, the creation of distribution channels for the GemCode Platform in the United States, the distribution of instructions for use of the GemCode Platform in the United States, the provision of technical support for the GemCode Platform in the United States, and the

open-source distribution of software for the analysis of data that results from the GemCode Instrument. For instance, 10X asserts on its website that the "GemCode Technology underlying [the GemCode Platform] is an innovative reagent delivery system and set of algorithms and software." Exhibit N, *available* at 10xgenomics.com/technology. Likewise, 10X's website asserts that the GemCode Software uses "barcodes provided by the reagent delivery system," and that "the platform and tools used to build the GemCode Software are open-source." Exhibit M, *available at* 10xgenomics.com/products. 10X induces infringement by, for instance, stating that it "encourage[s] others to contribute to the project and to use it to build their own informatics pipelines." Exhibit Q, *available at* 10xgenomics.com/community. On information and belief, 10X distributes other instructional materials, product manuals, and technical materials with the knowledge and the specific intent to encourage and facilitate the infringing sale and use of its GemCode Platform. 10X is liable for its induced infringement of the '091 Patent pursuant to 35 U.S.C. § 271 (b).

102.    10X has contributed to, or has threatened to contribute to, the infringement by its customers of the '091 Patent by, without authority, selling and offering to sell within the United States materials and apparatuses for practicing the claimed invention of the '091 Patent, including at least the GemCode Instrument and GemCode Reagents. *See supra* ¶¶ 16-19. When, for example, the GemCode Instrument and GemCode Reagents are used by 10X's customers for partitioning long DNA molecules, the claimed method for conducting a reaction in plugs in a microchannel is performed, thereby infringing, literally or under the doctrine of equivalents, at least Claim 1 of the '091 Patent. These components, supplied by 10X, constitute material parts of the claimed invention of the '091 Patent.

103.    On information and belief, 10X knows that the GemCode Instrument and GemCode Reagents constitute a material part of the inventions of the '091 Patent and not a staple article or commodity of commerce suitable for substantial noninfringing use.  For example, 10X asserts that the reagent delivery system (which includes the GemCode Instrument and GemCode Reagents) of the GemCode platform is the "underlying technology" of the GemCode Platform.  *See* Exhibit N, *available at* 10xgenomics.com/technology.  Likewise, 10X knows that the reagent delivery system of the GemCode platform provides barcodes for use with the GemCode Software, and that the GemCode Instrument is not a staple article or commodity of commerce suitable for substantial non-infringing use because the GemCode Instrument has no use apart from infringing the '091 Patent.  10X is liable for its contributory infringement of the '091 Patent pursuant to 35 U.S.C. § 271(c).

104.    10X's infringement of the '091 Patent has injured Plaintiffs in their business and property rights.  Plaintiffs are entitled to recover monetary damages for such injuries pursuant to 35 U.S.C. § 284 in an amount to be determined at trial.

105.    10X's infringement of the '091 Patent has caused irreparable harm to Plaintiffs and will continue to cause such harm unless and until 10X's infringing activities are enjoined by this Court.

### PRAYER FOR RELIEF

WHEREFORE, RainDance and the University of Chicago pray for relief as follows:

RainDance only:

A.    Judgment that 10X has infringed one or more claims of the '430 Patent;

B.      An order permanently enjoining 10X from further infringement of the '430 Patent;

C.      An award of damages pursuant to 35 U.S.C. § 284;

D.      An order for an accounting of damages from 10X's infringement;

E.      An award to RainDance of its costs and reasonable expenses to the fullest extent permitted by law;

F.      A declaration that this case is exceptional pursuant to 35 U.S.C. § 285, and an award of attorneys' fees and costs; and

G.      An award of such other and further relief as the Court may deem just and proper.

RainDance and the University of Chicago:

H.      Judgment that 10X has infringed one or more claims of the '573 Patent;

I.      Judgment that 10X has infringed one or more claims of the '193 Patent;

J.      Judgment that 10X has infringed one or more claims of the '407 Patent;

K.      Judgment that 10X has infringed one or more claims of the '148 Patent;

L.      Judgment that 10X has infringed one or more claims of the '083 Patent;

M.      Judgment that 10X has infringed one or more claims of the '091 Patent;

N.      An order permanently enjoining 10X from further infringement of the '573, '193, '407, '148, '083, and '091 Patents;

O.      An award of damages pursuant to 35 U.S.C. § 284;

P.      An award to RainDance and the University of Chicago of their costs and reasonable expenses to the fullest extent permitted by law;

Q.      A declaration that this case is exceptional pursuant to 35 U.S.C. § 285, and an award of attorneys' fees and costs; and

R.      An award of such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), RainDance and the University of Chicago hereby demand a trial by jury on all issues so triable.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)
Karen Jacobs (#2881)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
kjacobs@mnat.com

OF COUNSEL:                                              *Attorneys for Plaintiffs*

Edward R. Reines
Sonal N. Mehta
Derek C. Walter
Blake Davis
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA  94065
(650) 8002-3000

April 23, 2015

## <u>CERTIFICATE OF SERVICE</u>

        I hereby certify that on April 23, 2015, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

        I further certify that I caused copies of the foregoing document to be served on April 23, 2015, upon the following in the manner indicated:

Steven J. Balick, Esquire                      *VIA ELECTRONIC MAIL*
Tiffany Geyer Lydon, Esquire
Andrew C. Mayo, Esquire
ASHBY & GEDDES
500 Delaware Avenue, 8th Floor
Wilmington, DE  19801
*Attorneys for Defendant*

David Isaac Gindler, Esquire                *VIA ELECTRONIC MAIL*
Andrei Iancu, Esquire
Lindsay Androski Kelly, Esquire
Lauren Nicole Drake, Esquire
Elizabeth Chenyi Tuan, Esquire
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA  90067
*Attorneys for Defendant*


                                       */s/ Jack B. Blumenfeld*

                                       _____

                                       Jack B. Blumenfeld (#1014)