IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RAINDANCE TECHNOLOGIES, INC.
and THE UNIVERSITY OF CHICAGO,

      Plaintiffs and Counterclaim
      Defendants,

      v.

10X GENOMICS, INC.,

      Defendant and Counterclaim
      Plaintiff.

C.A. No. 15-152-RGA

**10X GENOMICS, INC.'S SECOND NOTICE OF DEPOSITION OF
THE UNIVERSITY OF CHICAGO PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)**

PLEASE TAKE NOTICE THAT, pursuant to Federal Rules of Civil Procedure 26 and 30(b)(6), Defendant and Counterclaim Plaintiff 10X Genomics, Inc. ("10X") will depose Plaintiff and Counterclaim Defendant the University of Chicago on April 17, 2017, beginning at 9:00 a.m. and continuing from day-to-day thereafter (excluding Saturdays, Sundays, and holidays) until completed. The deposition shall take place at Weil, Gotshal, & Manges, LLP, 201 Redwood Shores Parkway, Redwood Shores, CA 94065, or according to alternative arrangements upon which counsel jointly agree.

The deposition will be taken before a notary public or other officer authorized to administer oaths, and will be recorded by videotape, audiotape, and stenographic recording, including LiveNote or other real-time recording.

Pursuant to Federal Rule of Civil Procedure 30(b)(6), the University of Chicago shall designate one or more of its officers, directors, managing agents, or other persons who are most

qualified, knowledgeable, and competent to testify on its behalf as to all matters known or reasonably available to the University of Chicago with respect to each of the Deposition Topics set forth below. At least five business days before the date set for the deposition, the University of Chicago shall identify, by name and position, each person so designated and set forth the matters on which that person will testify.

## DEFINITIONS

1.     The term "10X" shall mean 10X Genomics, Inc. including without limitation 10X Technologies, Inc., and Avante Biosystems, Inc.

2.     The term "RainDance" shall mean RainDance Technologies, Inc., including without limitation any predecessors, successors, wholly or partially owned subsidiaries, parent companies, affiliates, and all past or present agents, representatives, partners, employees, directors, officers, consultants, entities acting in joint-venture or partnership relations with RainDance, and persons purporting to act on RainDance's behalf or on whose behalf RainDance has acted or acts.

3.     The term "University of Chicago," "You," and "Your" shall mean the University of Chicago, including without limitation any predecessors, successors, wholly or partially owned subsidiaries, parent companies, affiliates, and all past or present agents, representatives, partners, employees, directors, officers, consultants, entities acting in joint-venture or partnership relations with University of Chicago, and persons purporting to act on University of Chicago's behalf or on whose behalf University of Chicago has acted or acts.

4.     The term "Bio-Rad" shall mean Bio-Rad Laboratories, Inc., including without limitation any predecessors, successors, wholly or partially owned subsidiaries, parent companies, affiliates, and all past or present agents, representatives, partners, employees,

directors, officers, consultants, entities acting in joint-venture or partnership relations with Bio-Rad, and persons purporting to act on Bio-Rad's behalf or on whose behalf Bio-Rad has acted or acts.

5.      The term "GemCode Platform" shall mean 10X's GemCode™ Platform, Chromium™ Controller, and reagents, including the Chromium™ Single Cell 3' Kit, Chromium™ Genome Kit, Chromium™ Exome Kit, and GemCode™ GemCode Kit.

6.      The term "Asserted Claim" shall mean any claim of any Asserted Patent that You assert is infringed by any activities relating to 10X's GemCode Platform, including any making, using, offering to sell, selling, importing, or practicing any process or method involving, the GemCode Platform.

7.      The term "Asserted Patents" shall mean U.S. Patent Nos. 8,304,193; 8,822,148; 8,889,083; 8,329,407; and 7,129,091.

8.      "Prior Art" shall mean prior art to any of the Asserted Patents, and shall be construed in accordance with the meaning given that term in Title 35 of the United States Code, and interpretations thereof provided by the federal judiciary.

9.      The term "Related Patents and Applications" shall mean any patent or application, whether in the U.S. or abroad, that claims priority to any patent application to which any of the Asserted Patents claim priority.

10.      The term "Document" is used in its customary broad sense within the context of the Federal Rules of Civil Procedure and includes every type of document or thing, in whatever form (including but not limited to electronically stored information) subject to Federal Rule of Civil Procedure 34, which is in your possession, custody, or control or to which you have, have had, or can obtain access.

11.     The phrases "Referring to," "Relating to," "Regarding," and "Concerning" shall mean describing, depicting, summarizing, reflecting, constituting, containing, evidencing, discussing, analyzing, considering, or evaluating.

12.     The terms "and" and "or" are terms of inclusion and not of exclusion and are to be construed either disjunctively or conjunctively as necessary to bring within the scope of these interrogatories any information which might otherwise be construed to be outside their scope.

13.     The term "Person" means a natural person and any form of business entity including, but not limited to, corporations, general partnerships, limited partnerships, limited liability companies, joint ventures, and unincorporated associations, divisions, branches, and departments; and any directors, officers, owners, members, employees, agents, representatives, and attorneys of any of the foregoing, or anyone else purporting to act on the behalf of any such natural person or business entity.

14.     The term "Communication" shall mean any of the following: (i) any written letter, memorandum, e-mail, or other such document; (ii) any telephone call between two or more persons, whether or not such call was by chance or prearranged, formal or informal; (iii) any conversation or meeting between two or more persons, whether or not such contact was by chance or prearranged, formal or informal; and (iv) any transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

## DEPOSITION TOPICS

## TOPIC NO. 29:

The (a) procedures by which, (b) locations from which, and (c) Persons from whom, Documents were sought and gathered for production pursuant to Federal Rule of Civil Procedure 26, the local rules of District Court for the District of Delaware, the Default Standard For Discovery, Including Discovery of Electronically Stored Information ("ESI"), and 10X's

requests for production to the University of Chicago pursuant to Federal Rule of Civil Procedure 34.

**TOPIC NO. 30:**

The Identity of each Person conducting the search for Documents gathered for production pursuant to Federal Rule of Civil Procedure 26, the local rules of District Court for the District of Delaware, the Default Standard For Discovery, Including Discovery of Electronically Stored Information ("ESI"), and 10X's requests for production to the University of Chicago pursuant to Federal Rule of Civil Procedure 34.

**TOPIC NO. 31:**

The organization, structure, and content (including by subject matter category or categories) of the University of Chicago's central repositories for electronically stored information ("ESI"), including central repositories constituting shared network drives, document databases, and shared documents and files held by individuals who are designated as being responsible for the maintenance and safekeeping of such documents on behalf of the University of Chicago.

**TOPIC NO. 32:**

Your Document retention and destruction policies, practices, and procedures, including but not limited to policies with respect to retention of paper Documents and policies with respect to retention of electronic and e-mail files.

**TOPIC NO. 33:**

The policies, practices, and procedures used to store and/or archive Documents.

**TOPIC NO. 34:**

The locations used to store and/or archive Documents.

**TOPIC NO. 35:**

Backup rotation schedules and archiving procedures for electronic Documents.

**TOPIC NO. 36:**

Your policies, practices, and procedures with respect to the creation and maintenance of:

a.      patent prosecution Documents, including, but not limited to, any opposition or post-grant proceedings (including any *inter partes* review proceedings);

b.      licensing-related Documents, including but not limited to, executed and draft licensing agreements, Documents reflecting licensing negotiations, Documents reflecting offers of licenses, and Documents reflecting payments;

c.      inventor-related or researcher-related Documents, including, but not limited to, communications with inventors or researchers, laboratory notebooks and other records and data, draft articles, research summaries, and presentations;

d.      competitive intelligence-related and market-related Documents, including, but not limited to, Documents regarding 10X;

e.      litigation-related Documents, including, but not limited to, Documents regarding any pre-filing investigation;

f.      Documents relating to Bio-Rad's acquisition of RainDance; and

g.      research and development-related Documents relating to technologies that You contend are disclosed or claimed in the Asserted Patents.

**TOPIC NO. 37:**

The authenticity of the Documents produced by You or any of Your agents or representatives in connection with this litigation.

**TOPIC NO. 38:**

All facts relating to whether the Documents produced by You or any of Your agents or representatives in connection with this litigation qualify as business records under the Federal Rules of Evidence.

**TOPIC NO. 39:**

The Identity of each Person who reasonably could be expected to have created, or possess, Documents relevant the subject matter of this litigation, and whether Documents were sought and gathered from that Person.

**TOPIC NO. 40:**

The locations that reasonably could be expected to contain Documents relevant to the subject matter of this litigation, and whether Documents were sought and gathered from those locations.

**TOPIC NO. 41:**

The nature, existence, and location of all Documents relating to the subject matter of each of the foregoing categories.

**TOPIC NO. 42:**

The contribution of each of the named inventors to the subject matter disclosed or claimed in the Asserted Patents.

|  | /s/ Jason J. Rawnsley |
|---|---|

*Of Counsel*:

David I. Gindler
Andrei Iancu
Lauren Nicole Drake
Elizabeth Chenyi Tuan
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010

Michael H. Strub
Dennis J. Courtney
IRELL & MANELLA LLP
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660
(949) 760-0991

Dated:  April 3, 2017

Frederick L. Cottrell, III (#2555)
Jason J. Rawnsley (#5379)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
cottrell@rlf.com
rawnsley@rlf.com

*Attorneys for Defendant and Counterclaim Plaintiff 10X Genomics, Inc.*