

Frederick L. Cottrell, III
Director
302-651-7509
Cottrell@rlf.com

September 4, 2018

**BY CM/ECF AND HAND DELIVERY**
The Honorable Richard G. Andrews
United States District Court - District of Delaware
844 North King Street
Wilmington, DE 19801-3555

    Re:    *Bio-Rad Laboratories, Inc. v. 10X Genomics Inc.*, C.A. No. 15-152-RGA

Dear Judge Andrews:

      We write in response to Plaintiffs' August 31, 2018 letter ("Pltfs Ltr."). *See* D.I. 354. Plaintiffs request that 10X supplement responses to Plaintiffs' Interrogatories Nos. 3, 10, and 12 and Requests for Production Nos. 1 and 63, which pertain to "design-arounds." Ex. 1 (Lavin Email (8/10/18)). 10X has agreed to supplement with respect to 10X's previously identified design-around, but has not agreed to produce information regarding a new product that has not been commercially released and is not at issue in this case. Ex. 2 (Drake Email (8/27/18)). 10X is not relying on this unreleased new product for any issue at trial. Information about it falls squarely within the prohibition of Federal Rule of Evidence 407, and Plaintiffs have not shown that it could be used for any purpose other than an impermissible attempt to prove liability. *Vardon Golf Co. v. BBMG Golf Ltd.*, 156 F.R.D. 641, 652 (N.D. Ill. 1994) ("'Culpable conduct' as used in Fed.R.Evid. 407" is "broad enough to reach patent infringement actions."). Moreover, there is substantial risk that the jury would misunderstand this information as suggesting that 10X's accused design infringes. This would unfairly prejudice 10X, rendering this information inadmissible under Federal Rule of Evidence 403. Accordingly, the Court should refuse Plaintiffs' request. *Id.* at 653 (denying discovery where "[t]he evidence sought by [patentee] is not reasonably calculated to lead to the discovery of any other evidence but that relating to [] culpability" as barred by Rule 407).[1]

      *First*, Plaintiffs state that they "should be able to investigate 10X's design around attempt to determine whether it is meaningfully different from the designs already accused of infringing

---

      [1] It is nonsensical for Plaintiffs to suggest that "10X has not identified or described its new design around to the Court" so "there is no basis for the Court to believe that the new design around 'would have made an earlier injury or harm (presumably, 10X's infringement of the Patents In-Suit) less likely to occur." Pltfs. Ltr. at 2-3. A design-around is by definition an attempt to avoid infringement (*i.e.*, earlier alleged harm). 10X's new product is either within the scope of Rule 407 or is not responsive to Plaintiffs' request. Moreover, Plaintiffs cite no authority for the proposition that to rely upon Rule 407, 10X must disclose its design-around to the Court for the purpose of assessing whether it infringes the patents-in-suit.

■ ■ ■

One Rodney Square ■ 920 North King Street ■ Wilmington, DE 19801 ■ Phone: 302-651-7700 ■ Fax: 302-651-7701

www.rlf.com

the Patents In-Suit." Pltfs. Ltr. at 1. Plaintiffs provide no explanation **why** they should be able to do so or **how** any such investigation would relate to any issue in this case. 10X is working on a new product, but this product is not an accused product and it has not been commercially released. *Ethicon LLC v. Intuitive Surgical, Inc.*, No. CV 17-871-LPS-CJB, 2018 WL 1392341, at *1-*3 (D. Del. Feb. 12, 2018) (denying discovery where product "has not yet been released, and . . . [plaintiff] has not accused the device of infringement in this patent infringement action").

*Second*, Plaintiffs speculate that "10X may have made statements or performed analyses involving the current design or the redesign that shed light on whether 10X's current design infringes." Pltfs. Ltr. at 1.[2] This is exactly what Rule 407 prevents—the use of differences between accused products and a changed design to argue that the products satisfy limitations arguably suggested by these differences. *Tyco Healthcare Grp. LP v. Applied Med. Res. Corp.*, No. 9:09-CV-176, 2011 WL 7563868, at *3 (E.D. Tex. Sept. 23, 2011) (Rule 407 barred patentee from arguing that defendant's recent change to a product was evidence of infringement). "Even if Rule 407 does not apply, the infringement analysis requires comparison of the accused products to the asserted claims," so "[w]hat [an alleged infringer] subsequently did or did not do [to change a product] is irrelevant" to the alleged infringement in this case. *Id.*

*Third*, Plaintiffs state they "should know whether 10X may have a viable design around that could affect the chances of obtaining, or scope of, an injunction." Pltfs. Ltr. at 1. However, this is plainly not an issue for trial. If any post-trial relief issues arise to which this information becomes relevant, 10X will produce it at that time.

*Fourth*, Plaintiffs suggest that this information "potentially bears on the value of the Patents In-Suit." Pltfs. Ltr. at 2. But 10X has already confirmed that it does not "intend to rely on the new product as a design-around at trial." Ex. 3 (Drake Email (8/20/18)). And Plaintiffs do not cite a single case that suggests that the availability of a design-around would demonstrate that a patent is more valuable. Instead, the case cited by Plaintiffs, *Oracle Am., Inc. v. Google Inc.*, 847 F. Supp. 2d 1178 (N.D. Cal. 2012), makes the uncontroversial point that "asserted claims might be less valuable" if they are "easier to design around." *Id.* at 1186.

*Fifth*, Plaintiffs state that this information "potentially bears" on "willfulness." Pltfs. Ltr. at 2. The use of a design change as evidence of culpable conduct is improper under Rule 407. *See, e.g.*, *Pall Corp. v. Micron Separations, Inc.*, 66 F.3d 1211, 1221 (Fed. Cir. 1995) (discussing Rule 407 in context of willfulness); *Plew v. Ltd. Brands, Inc.*, No. 08 CIV. 3741 LTS MHD, 2012 WL 379933, at *8 (S.D.N.Y. Feb. 6, 2012) (Rule 407 "clearly prohibited" a patentee from arguing that "defendants altered the design of [a product] after suit was filed . . . in order to avoid further infringement"); *Interactive Health LLC v. King Kong USA, Inc.*, No. CV 06-1902-VBF(PLAX), 2008 WL 11339129, at *7 (C.D. Cal. July 24, 2008) (Rule 407 barred use of evidence of design change "to prove culpability, including willfulness"); *Tyco Healthcare Grp. LP*, 2011 WL 7563868, at *3 (Rule 407 barred patentee from arguing that defendant's recent change to a product was evidence of infringement); *Mikkelsen Graphic Eng'g Inc. v. Zund Am.*,

---

[2] Such statements—to the extent any even exist—would likely only have been made in email correspondence. 10X should not be required to undertake a costly search and review of emails in response to Plaintiffs' speculations. This is a classic fishing expedition.

*Inc.*, 2011 WL 1330782, at *11 (E.D. Wis. Apr. 7, 2011) (same), *aff'd in part, vacated in part on other grounds*, 541 F. App'x 964 (Fed. Cir. 2013); *Vardon Golf Co.*, 156 F.R.D. at 652 (Rule 407 barred discovery of information relating to design change efforts). Even if Plaintiffs had identified some permissible purpose for the use of this information at trial (they have not), there would be a substantial risk that this information could be misunderstood by the jury as probative of culpability, such as an admission that the current design infringes, which would be unfairly prejudicial to 10X. Fed. R. Evid. 403; *see Helios Software, LLC v. Spectorsoft Corp.*, No. CV 12-81-LPS, 2015 WL 3653098, at *2 (D. Del. May 22, 2015) (holding that "no evidence will be presented relating to [a] design around," citing the risk of unfair prejudice to defendant). Indeed, Plaintiffs make clear they are seeking to use this information for such an impermissible purpose.

The cases cited by Plaintiffs do not support their position. In *U.S. v. Gibson*, No. CV 15-23-RGA, 2018 WL 936029 (D. Del. Feb. 16, 2018), this Court addressed the application of Rule 407 in a **criminal** case where the action taken was neither remedial nor subsequent. *Id.* at *3. In *Kowalski v. Anova Food, LLC*, No. CIV. 11-00795HG-RLP, 2015 WL 1119411 (D. Haw. Feb. 18, 2015), the defendant sought to prevent the introduction of evidence relating to "modification of [a] method" as "proof of [defendant]'s alleged ***false advertising***." Ex. 4 (Case. No. 1:11-cv-00795-HG-RLP, D.I. 453) at 4 (emphasis added). The plaintiff confirmed that this modification was "not being offered . . . as an admission of fault that its prior advertising was false," Ex. 5 (Case. No. 1:11-cv-00795-HG-RLP, D.I. 505) at 7-8, which rendered defendant's motion moot. *Kowalski*, 2015 WL 1119411, at *3. Nevertheless, the court stated in *dictum* that the defendant's "subsequent remedial measure argument is inappropriate in a patent infringement case." *Id*. But the case cited to support this proposition held the opposite. In *Duhn Oil Tool, Inc. v. Cameron Int'l Corp.*, No. 1:05-CV-01411 OWW, 2011 WL 121547 (E.D. Cal. Jan. 13, 2011), the court barred the plaintiff from arguing that design changes were "subsequent remedial measures within the meaning of Rule 407." *Id.* at *1. In *Abbott Labs. v. Baxter Pharm. Prod., Inc.*, No. 01 C 1867, 2004 WL 2496459 (N.D. Ill. Nov. 3, 2004), the court addressed "whether the statements made by [the defendant] to the FDA and the USP are going to be considered for the purposes of claim construction or for the purposes of determining infringement." *Id.* at *2. The court found that Rule 407 did not apply to these statements because it failed to see a parallel between remedial efforts traditionally subject to Rule 407 and "a letter written to an administrative agency to prevent a competitor from getting approval of a generic drug." *Id*. at *5.

Finally, this is not a case, like those cited by Plaintiffs, where months remain in fact discovery and the court allows discovery because it is not clear whether the information sought will ultimately be admissible. *See Granberry v. Jet Blue Airways*, 228 F.R.D. 647, 651 n.2 (N.D. Cal. 2005) (noting that "[t]he rules of evidence are relaxed in discovery proceedings because inadmissible material often leads to the discovery of admissible evidence" five months before the close of discovery); *Bernat v. City of California City*, No. 1:10-CV-00305, 2010 WL 4008361, at *5 (E.D. Cal. Oct. 12, 2010) (noting the same, two months before the close of discovery). Nor is this a case where the court has already identified a permissible use for the information sought. *See In re Tylenol (Acetaminophen) Mktg., Sales Practices & Prod. Liab. Litig.*, 181 F. Supp. 3d 278, 301 (E.D. Pa. 2016) (identifying applicable exception to Rule 407). Here, Plaintiffs have not shown that the information sought could be used for ***any*** purpose other than in an impermissible attempt to prove culpable conduct in a manner squarely barred by Rules 403 and 407. 10X should not be forced to engage in costly and time-consuming efforts to supplement less than ten weeks from trial when the information sought will be inadmissible at trial in any event.

Respectfully,

*/s/ Frederick L. Cottrell, III*

Frederick L. Cottrell, III (#2555)
Cottrell@rlf.com

FLC,III/afg

cc: All Counsel of Record (via CM/ECF)