IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BIO-RAD LABORATORIES, INC. and
THE UNIVERSITY OF CHICAGO,

    Plaintiffs,

v.

10X GENOMICS, INC.,

    Defendant.

C.A. No. 15-cv-152-RGA

ORDER ON MOTIONS IN LIMINE

Each side has filed three motions in limine. (D.I. 323-1). They are resolved as follows.

Plaintiffs' MIL #1 is **GRANTED**. The litigations and IPRs involving unrelated patents and issues are not relevant to this case. Fed. R. Evid. 401. Defendant's theory that Bio-Rad acquired the prior plaintiff in this case (RainDance), for $87 million, just to have another shot at litigating against Defendant is of dubious relevancy at best. The technical and market analyses in the prior ITC actions are even less relevant, and regardless, have little value compared to the extensive infringement and damages expert testimony to be presented at trial. Therefore, even if these matters have marginal probative value, that value is substantially outweighed by the danger of confusing the issues, misleading the jury, and wasting time by needlessly presenting evidence of little or no value. Fed. R. Evid. 403.

Plaintiffs' MIL #2 will be addressed separately. Because the parties' arguments rely on speculation as to what theories each side will be advancing at trial, it is difficult to conduct a Rule 403 analysis in the abstract. Fed. R. Evid. 403. Whether particular evidence purportedly

related to Plaintiffs' "pre-suit state-of-mind" is probative of willfulness, or the extent to which asserted patents are "foundational," depends in large part on how Plaintiffs address those issues. It would be premature to exclude Defendant's purportedly responsive evidence without first knowing what it is responding to. Therefore, the parties should be prepared to discuss this motion at the Final Pretrial Conference on October 15, 2018. The parties should be ready to provide more detail on the evidence they plan to offer as it relates to this motion.

Plaintiffs' MIL #3 is **GRANTED**. Defendant disclaimed any reliance on advice of counsel in its response to interrogatories. This includes any reliance on advice given to QuantaLife, where Defendant's principals formerly worked, and which was later acquired by Bio-Rad. That Bio-Rad owns, and did not waive, the attorney-client privilege over any advice given to QuantaLife did not prevent Defendant from identifying such advice in response to interrogatories. Defendant's disclaimer of reliance on advice of counsel cannot be withdrawn piecemeal to Defendant's advantage.

Defendant's MIL #1 is **GRANTED-IN-PART** and **DENIED-IN-PART**. Plaintiffs do not oppose exclusion of the recently initiated ex parte reexaminations. Regarding the IPR decisions, failure to institute an IPR has little or no probative value. To the extent there is any probative value, it is substantially outweighed by the risk of confusing the issues, misleading the jury, and undue delay for time spent providing appropriate context. Fed. R. Evid. 403. Thus, the motion is **GRANTED** with respect to the IPR decisions and the ex parte reexaminations. Defendant also moves to exclude expert testimony given by Drs. Huck and Olmsted during the IPRs. I agree with Defendant that, on the present record, this testimony is inadmissible hearsay and cannot be presented in Plaintiffs' case-in-chief. However, that does not prevent Dr. Huck's IPR testimony from being used for impeachment purposes if Dr. Huck testifies at trial.

Likewise, Dr. Sia is free to rely on the IPR testimony, regardless of its admissibility, as part of his own expert testimony, assuming that the proper foundation is laid. Fed. R. Evid. 703. Whether Dr. Sia can disclose the underlying IPR testimony to the jury depends on whether its probative value substantially outweighs its prejudicial effect. *Id.* It should not be introduced absent my express approval. I will conduct a balancing analysis, should it be necessary, when I have a clearer idea of what each expert intends to testify at trial. The parties may address this at the Final Pretrial Conference. Thus, the motion is **GRANTED** with respect to the IPR testimony, but only to the extent that Plaintiffs seek to introduce it in their case-in-chief. Lastly, Defendant moves to exclude the Patent Office's consideration of Quake during the original prosecution of the asserted patents. Quake is the key prior art in this case and, to properly weigh the evidence, the jury should know that the Patent Office has already considered it. *See Sciele Pharms Inc. v. Lupin Ltd.*, 684 F.3d 1253, 1260–61 (Fed. Cir. 2012). Thus, the motion is **DENIED** with respect to the consideration of Quake in the original prosecution.

Defendant's MIL #2 is **GRANTED-IN-PART** and **DENIED-IN-PART**. Plaintiffs assert that the e-mails at issue were only added to their exhibit list by administrative error and have already been removed. Thus, the motion is **GRANTED** with respect to the actual e-mails.[1] Plaintiffs' refusal to produce the e-mails, however, is unrelated to testimony on QuantaLife's efforts to recruit Dr. Ismagilov. Defendant seeks to exclude testimony based on the e-mails and "other evidence that employees of QuantaLife communicated with the University of Chicago or Dr. Ismagilov that Plaintiffs failed to produce in discovery." It is not clear exactly what evidence this refers to, but, to the extent that Defendant moves to exclude testimony or other evidence

---

[1] This refers to the set of e-mails added and removed from Plaintiffs' exhibit list. Defendant states in its reply that there were seven e-mails, but only six were attached as exhibits to the motion. (Exs. A–F).

related to QuantaLife's efforts to recruit Dr. Ismagilov, on the theory that the e-mails should have been produced in discovery, the motion is **DENIED**.

Defendant's MIL #3 is **GRANTED**. As discussed regarding Plaintiffs' MIL #2, Defendant is barred from relying on any advice of counsel at trial. Plaintiffs have stated that they do not intend to imply lack of advice of counsel so long as Defendant "does not suggest it has or is relying on legal advice." Thus, I would characterize this motion as being unopposed. If either side, including witnesses associated with the side, raise or refer to advice of counsel, or lack of advice of counsel, that side should expect to pay all necessary costs and fees relating to a retrial if one becomes necessary.

IT IS SO ORDERED this 12 day of October 2018.

Richard G. Andrews
United States District Judge