IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BIO-RAD LABORATORIES, INC. and
THE UNIVERSITY OF CHICAGO,

Plaintiffs,

v.

10X GENOMICS, INC.,

Defendant.

C.A. No. 15-152-RGA

ORDER

Presently before the Court is the issue of the admissibility of U.S. Provisional Patent Application No. 60/379,927. (D.I. 423, Ex. 3). I have considered the parties' papers. (D.I. 423, 424). I heard oral argument on November 1, and November 2, 2018.

Defendant separates its arguments into those relating to (1) priority date, and (2) copying. It is undisputed that (1) each of the asserted patents claims a priority date based on the provisional patent application, and (2) substantial portions of the provisional patent application are copied from Quake, the primary prior art in this case.

**1. Priority Date**

I do not think the priority date of the asserted patents is legitimately in dispute. The parties represented that, during discovery, Defendant initially claimed additional invalidating prior art, namely the Thorsen Thesis, but withdrew it after Plaintiffs asserted a priority date based on the provisional patent application. (D.I. 423 at 1–2). This appears to have been a

strategic move for Defendant. Further, it appears that Defendant did not actually dispute the asserted priority date until the eve of trial, in connection with the present issue.[1]

Defendant argues that Plaintiffs are required to prove the asserted priority date at trial. The Federal Circuit has held:

> A patent is presumed valid and the party asserting invalidity has the burden of persuasion to show the contrary by clear and convincing evidence. The challenger has the burden of going forward with invalidating prior art. The patentee *then* has the burden of going forward with evidence to the contrary, i.e., the patentee must show that the prior art does not actually invalidate the patent or that it is not prior art because the asserted claim is entitled to the benefit of an earlier filing date.

*Research Corp. Techs. v. Microsoft Corp.*, 627 F.3d 859, 870 (Fed. Cir. 2010) (citations omitted and emphasis added). The Thorsen Thesis predates the asserted patent filing dates but post-dates the provisional patent application filing date. (D.I. 423, Ex. 4). Had Defendant gone forward with the Thorsen Thesis as invalidating prior art, the burden would have shifted to Plaintiffs to show that the asserted patent claims are entitled to the benefit of the provisional patent application filing date. However, since Defendant is not relying on the Thorsen Thesis as invalidating prior art, the burden of proving invalidity remains with Defendant. In other words, Defendant does not dispute the priority date established by the provisional patent application filing date.[2]

---

[1] Simply including the priority date as an issue of fact in the proposed pretrial order (D.I. 323 ¶¶ 71, 172) does not give Defendant a free pass to raise a new dispute. I note that Defendant's proposed final jury instructions do not include, in its list of prior art, the Thorsen Thesis, or any other references that post-date the provisional patent application. (D.I. 320 at 36–37).

[2] At oral argument, Defendant argued that there is a distinction between an undisputed priority date and one that it chose not to dispute because it believed Plaintiffs would win on the issue. Essentially, Defendant argues that, despite there being no meaningful challenge to the asserted priority date, Plaintiffs should still be required to prove that date at trial. I think Defendant's argument is illogical—a core purpose of civil pre-trial practice is to narrow issues for trial. Time and resources should not be spent disputing issues that are not actually in dispute.

2

Since the priority date is undisputed for purposes of this trial, the provisional patent application is irrelevant to establishing the priority date. The priority claim and date are clearly visible on the face of each asserted patent. Therefore, there is no reason to introduce the provisional patent application in relation to the priority date.

### 2. Copying

#### a. Invalidity

Defendant argues that the provisional patent application is relevant to invalidity, specifically, related to (1) differences between the prior art and the asserted patents, and (2) secondary considerations.

Defendant's main theory is that having a provisional patent application with portions copied from Quake makes more probable that the patents derived from the provisional patent application are obvious over Quake and other references. (D.I. 423 at 4–5). I think this theory is legally flawed. It is undisputed that no part of the claims, in the provisional patent application or the asserted patents, has been copied from Quake. (D.I. 423, Ex. 3). The relevant comparison in patent law, whether for infringement or invalidity, is based on the asserted claims—compared to the accused product (if the issue is infringement), or to the prior art (if the issue is invalidity). *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1581–82 (Fed. Cir. 1996); *Graham v. John Deere Co.*, 383 U.S. 1, 17 (1966). The fact that portions of Quake are copied into the *specification* of the provisional patent application, or the issued patent, is essentially irrelevant to whether the asserted *claims* are obvious.[3] Admitting the copying evidence in conjunction with

---

[3] Almost all inventions build on the prior art. Thus, even if all but one of the limitations of an asserted claim were copied from Quake, that would not mean that the asserted claim was obvious. Rather, it would just narrow the obviousness dispute to the "but one" limitation.

3

obviousness creates a significant risk that the jury will infer a causal connection—*i.e.*, copying indicates obviousness—which is incorrect.

Defendant's theory under secondary considerations is that certain "praised" elements of the patented technology were copied from Quake, as demonstrated by the provisional patent application. (D.I. 423 at 5). It seems that Defendant could make this same argument based on a direct comparison between the "praised" elements and Quake. The fact that the inventor was aware of those elements in Quake is irrelevant—a person of ordinary skill in the art is presumed to be aware of all the pertinent prior art. *Custom Accessories, Inc. v. Jeffrey-Allan Indus., Inc.*, 807 F.2d 955, 963 (Fed. Cir. 1986). The probative value, if any, of using the provisional patent application to disprove secondary considerations is substantially outweighed by the risk of confusing the issues and misleading the jury in an already complex obviousness analysis.

Therefore, I exclude the copying evidence with respect to invalidity. Defendant shall not question witnesses, make argument, or otherwise allude to a connection between obviousness and the fact that portions of the provisional patent application, or the asserted patents, have been copied from Quake.

### b. Damages

Defendant argues that the provisional patent application is relevant to damages because having significant portions copied from the prior art goes to the degree of improvement of the patented invention over the prior art. (D.I. 423 at 5–6). I do not find this argument persuasive. The value of the patented invention should be determined based on the asserted patent claims. The provisional patent application is an intermediate step that is less probative than the actual asserted claims. Any marginal probative value is substantially outweighed by the danger of confusing the issues and misleading the jury. Fed. R. Evid. 403.

4

Therefore, I exclude the copying evidence with respect to damages.

### c. Credibility

Defendant argues that the provisional patent application is relevant to the credibility of the named inventor and testifying witness, Dr. Ismagilov. (D.I. 323 at 39). I agree. The fact that substantial portions of Dr. Ismagilov's provisional patent application were copied from the prior art is probative of his truthfulness. *See* Fed. R. Evid. 608. Allowing cross-examination on the copying poses little risk of undue prejudice, wasting time, or confusing the issues, because use of the provisional patent application will be limited to the issue of credibility. *See* Fed. R. Evid. 403. The same Rule 403 balance does not apply to allegations of breach of duty to the Patent Office. These issues, such as the duty of candor or violation of the inventorship oath, add marginal probative value in terms of Dr. Ismagilov's credibility and are likely to facilitate a sideshow on Patent Office procedure.

Therefore, I will allow Defendant to question Dr. Ismagilov on the copying issue as it relates to his credibility generally, without alluding to any impropriety stemming from duties to the Patent Office. If Plaintiffs would like a limiting instruction, they should submit a proposal by **830AM November 5, 2018.**


IT IS SO ORDERED this 3 day of November 2018.


/s/ Richard G. Andrews
United States District Judge