**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| BIO-RAD LABORATORIES, INC. and THE UNIVERSITY OF CHICAGO, | |
| Plaintiffs, | |
| v. | C.A. No. 15-152-RGA |
| 10X GENOMICS, INC., | |
| Defendant. | |

**DEFENDANT 10X GENOMICS, INC.'S RULE 50(a) MOTION FOR JUDGMENT AS A MATTER OF LAW OF NONINFRINGEMENT UNDER THE DOCTRINE OF EQUIVALENTS OF THE '083 PATENT**

Pursuant to Federal Rule of Civil Procedure 50(a), 10X respectfully requests that the Court grant judgment as a matter of law that 10X's products after August 2017 do not infringe claims 1 and 9 of U.S. Patent No. 8,889,083 under the doctrine of equivalents. This motion is based on the "specific exclusion" principle. Under that principle, "[t]he presence of a feature in an accused device … cannot possibly be equivalent to the **claimed absence** of that feature, and no reasonable factfinder could conclude otherwise." *Moore U.S.A., Inc. v. Standard Register Co.*, 229 F.3d 1091, 1115 n.5 (Fed. Cir. 2000) (emphasis added). Thus, "if a patent states that the claimed device must be 'non-metallic,' the patentee cannot assert the patent against a metallic device on the ground that a metallic device is equivalent to a non-metallic device." *SciMed Life Sys., Inc. v. Advanced Cardiovascular Sys., Inc.*, 242 F.3d 1337, 1346 (Fed. Cir. 2001).

Claims 1 and 9 of the '083 patent require a "non-fluorinated microchannel." PTX009-076 at 73:12. The Court construed this term as a "microchannel that is not composed of a material that includes fluorine atoms or that is treated to include fluorine atoms at its surface (excluding the possible inclusion of impurities or contaminants)." D.I. 121 ¶ 8. This Court has already ruled that

Plaintiffs cannot assert the '083 patent "against a product containing a 'fluorinated microchannel.'" D.I. 351 (Summary Judgment Order) at 10 (citing *SciMed*, 242 F.3d at 1346).

To eliminate any dispute regarding infringement of the '083 patent, 10X redesigned its microfluidic chips to include fluorine atoms. More specifically, as of August 2017, all microfluidic chips in 10X's products incorporate 0.02% Kynar 720 (polyvinylidene fluoride), a compound that indisputably includes fluorine atoms. Ex. A (Trial Tr. Day 2) at 100:14-19. Bio-Rad's infringement expert, Dr. Sia, agreed that 10X's current microchips "include fluorine atoms," *id.* at 186:21, and that it "wouldn't surprise" him if the chips contained "millions of atoms" of fluorine, *id.* at 188:13. He also agreed that 10X requires its manufacturers to make its microfluidic chips with 0.02% Kynar, *id.* 185:18-23, and that something purposely requested to be included in a product is "not an impurity or a contaminant," *id.* at 185:4-6.

Accordingly, the Court should grant judgment as a matter of law that 10X does not infringe claims 1 and 9 of the '083 patent under the doctrine of equivalents. 10X also maintains that, as a matter of law, Bio-Rad is not entitled to assert infringement of the '083 patent under the doctrine of equivalents due to prosecution history estoppel. *See* D.I. 243 at 10-15. 10X will also file a 50(a) motion on the remaining issues in the case at the appropriate time.

*Of Counsel*:

Matthew Powers
Azra Hadzimehmedovic
Robert Gerrity
Daniel Radke
TENSEGRITY LAW GROUP LLP
555 Twin Dolphin Drive, Suite 650
Redwood Shores, CA 94065

David I. Gindler (dgindler@irell.com)
Alan J. Heinrich (aheinrich@irell.com)
Lauren N. Drake (ldrake@irell.com)
Elizabeth C. Tuan (etuan@irell.com)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276

Michael H. Strub, Jr. (mstrub@irell.com)
Dennis J. Courtney (dcourtney@irell.com)
IRELL & MANELLA LLP
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660


Dated: November 6, 2018

*/s/ Jason J. Rawnsley*
Frederick L. Cottrell, III (#2555)
Jason J. Rawnsley (#5379)
RICHARDS, LAYTON & FINGER, P.A.
920 North King Street
Wilmington, DE 19801
(302) 651-7700
cottrell@rlf.com
rawnsley@rlf.com

*Attorneys for 10X Genomics, Inc.*