**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| BIO-RAD LABORATORIES, INC. and THE UNIVERSITY OF CHICAGO,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>10X GENOMICS, INC.,<br><br>　　　　Defendant. | C.A. No. 15-152-RGA<br>PUBLIC VERSION |

**MOTION TO SEAL TRIAL EXHIBITS**

Defendant 10X Genomics, Inc. ("10X") moves, before the conclusion of trial,[1] to seal certain exhibits and portions of exhibits used at trial for the reasons stated below; in the alternative, 10X requests that it be permitted to redact or supply substitute trial exhibits limited to the portions actually displayed or discussed during trial.[2]

　　1.　　Sealing of a judicial record is appropriate where "good cause" is demonstrated. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994). Good cause typically exists where the redacted information relates to "trade secrets or confidential technologies" and where the source of "business information might harm a party's competitive standing." *See Littlejohn v. BIC Corp.*, 851 F.2d 673, 677–78 (3d Cir. 1988); *Mosaid Techs. Inc. v. LSI Corp.*, 878 F. Supp. 2d 503, 507–08 (D. Del. 2012) (citing *Joint Stock Soc'y v. UDV N. Am., Inc.*, 104 F. Supp. 2d 390, 395 (D. Del. 2000)). The privacy interests at issue must outweigh the public interest in having access to the dispute. *See Mosaid Techs. Inc.*, 878 F. Supp. 2d at 514.

---

[1] Trial Tr. at 1340:14–20. Transcript citations refer to the rough versions and may not match exactly the version of the transcript docketed when final.

[2] Pursuant to D. Del. LR 7.1.1, 10X states that it has met and conferred with counsel for Plaintiffs regarding the subject matter of this motion, and has been informed that Plaintiffs oppose the relief sought.

2. The information that 10X seeks to redact is not yet actually public, and is not the kind of information that 10X would make public in the ordinary course of business, as evidenced, for example, by its designation before trial as confidential discovery material. *See* Declaration of Randy Z. Wu ("Wu Decl.," filed contemporaneously herewith) ¶¶ 3, 4. Nor would the relief sought by 10X "obscure any discussion of the actual nature of the parties' dispute" from public view. *See Mosaid Tech. Inc.*, 878 F. Supp. 2d at 512. 10X does not ask the Court to seal or redact any sections of the trial transcript and does not seek to seal or redact portions of the documents that were displayed in open court or discussed by witnesses. In short, this motion does not seek relief regarding those portions of the exhibits that actually pertain to the parties' dispute.

3. The exhibits 10X seeks to seal, redact, or substitute fall into two groups. The first group, listed below, is of exhibits containing technical, sensitive, and proprietary information regarding 10X's products that is not relevant to the parties' patent disputes. Proposed copies of these exhibits indicating the portions to be redacted or omitted from the trial record (in highlight) are attached as Exs. A and B.

| Exhibit | Description | Confidential and Proprietary 10X Information to Be Sealed |
|---|---|---|
| PTX0333 (*Ex. A*) | 10X presentation entitled: Gel Bead and Barcode Library | The entire document, with the exception of its cover page (PTX0333-0001), and portions of a slide deck relating to gel beads that were displayed in open court (PTX0333-0150 and -0163, referenced on pp. 74, 90, 116, 193, and 228 of Dr. Sia's direct examination demonstrative). The remaining portions of this document include details regarding 10X gel beads, 10X biochemistry, and 10X product development that were never shown in open court. |

| Exhibit | Description | Confidential and Proprietary 10X Information to Be Sealed |
|---|---|---|
| PTX0341 (*Ex. B*) | 10X presentation entitled: Chemical Synthesis - Surfactants | The entire document, with the exception of slides describing surfactants in general terms that were displayed in open court (PTX0341-0001 through -0003, on pp. 39, 130, and 179 of Dr. Sia's direct examination demonstrative). The redacted portions of this document include details regarding 10X's surfactants that were never shown in open court. |

4. Good cause exists for limiting public access to this information as indicated in the attached exhibits. Disclosure of this information would "work a clearly defined and serious injury" to 10X. *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984). As the Court may appreciate from the testimony at trial, the market for these products includes a number of competitors. Public disclosure would permit competitors to gain access to confidential information regarding the details of 10X's products, putting at risk the investments of time and resources that 10X has made to develop and bring to market the accused products. *See* Wu Decl. ¶ 3. This information furthermore is not stale but rather describes currently marketed products, increasing the harm to 10X from public disclosure. Wu Decl. ¶ 3. "[C]ourts have refused to permit their files to serve as . . . sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

5. Precedent supports 10X's request to redact or omit irrelevant pages. In *Amgen Inc. v. Hospira, Inc.*, 2018 WL 4080353, at *17 (D. Del. Aug. 27, 2018), the Court permitted the movant to redact sections of trial exhibits that were "were not published in their entirety in open court and contain sensitive information about ongoing commercial agreements . . . ." In *EMC Corp. v. Pure Storage Inc.*, C.A. No. 13-1985-RGA (D. Del. May 13, 2016) (attached as Ex. E),

the Court permitted the movant to submit as the final exhibits pages of trial exhibits "actually displayed to the jury (including the whole page displayed even if not every entry on the page was discussed)" but struck the unused portions from the record. *Cf. Pansy*, 23 F.3d at 783 ("[I]t may well be that during the life of a case, the issue of whether a document is a judicial record should turn on the use the court has made of it rather than on whether it has found its way into the clerk's file."); Fed. R. Civ. P. 26(c)(1)(G) (authorizing the Court to require that "trade secret or other confidential research, development, or commercial information . . . only be revealed in a specified way").

6. The second group of exhibits includes financial and license information that goes far beyond what is needed to support the parties' positions on damages in this litigation. Copies of these exhibits are attached as Exs. C and D.

| Exhibit | Description | Confidential and Proprietary 10X Information to Be Sealed |
|---|---|---|
| DTX1482 (*Ex. C*) | Total Revenue and US Revenue spreadsheet | Entire document (aspects of this document were described during the testimony of damages experts). |
| PTX1255 (*Ex. D*) | Total Revenue and US Revenue spreadsheet | Entire document (aspects of this document were described during the testimony of damages experts). |

7. 10X respectfully submits that good cause exists for limiting public access to this information. The disclosure these documents would harm 10X by providing 10X's competitors and potential competitors with sensitive information regarding the company's finances. *See* Wu Decl. ¶ 4. Only summary, top-level figures were needed for the experts' analyses and displayed in open court.

8. Accordingly, 10X respectfully submits that good cause exists to otherwise omit from the trial record the highlighted sections of the trial exhibits listed above attached as Exs. A through D.

*Of Counsel*:

Matthew Powers
Robert Gerrity
TENSEGRITY LAW GROUP LLP
555 Twin Dolphin Drive
Suite 650
Redwood Shores, CA 94065
(650) 802-6000

Azra Hadzimehmedovic
TENSEGRITY LAW GROUP LLP
8260 Greensboro Dr.
Suite 260
McLean, VA 22102-3848
(650) 802-6000

David I. Gindler
Alan J. Heinrich
Lauren N. Drake
Elizabeth C. Tuan
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010

Michael H. Strub, Jr.
Dennis J. Courtney
IRELL & MANELLA LLP
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660
(949) 760-0991

Dated: November 13, 2018

*/s/      Jason J. Rawnsley*
Frederick L. Cottrell, III (#2555)
Jason J. Rawnsley (#5379)
Alexandra M. Ewing (#6407)
RICHARDS, LAYTON & FINGER, P.A.
920 North King Street
Wilmington, DE 19801
(302) 651-7700
cottrell@rlf.com
rawnsley@rlf.com
ewing@rlf.com

*Attorneys for 10X Genomics, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2018, I caused true and correct copies of the foregoing document to be served on the following counsel in the manner indicated:

**VIA EMAIL**
Brian E. Farnan
Michael Farnan
FARNAN LLP
919 N. Market St., 12th Floor
Wilmington, DE 19801
(302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

**VIA EMAIL**
Edward R. Reines
Derek C. Walter
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
(650) 802-3000
raindance10xservice@weil.com

*/s/ Jason J. Rawnsley*
Jason J. Rawnsley (#5379)
rawnsley@rlf.com