IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BIO-RAD LABORATORIES, INC. and THE UNIVERSITY OF CHICAGO, <br><br> Plaintiffs, <br><br> v. <br><br> 10X GENOMICS, INC., <br><br> Defendant. | No. 15-cv-152-RGA |

## MEMORANDUM ORDER

Presently before the Court is Defendant 10X's motion to seal trial exhibits. (D.I. 474). I have considered the parties' briefing. (D.I. 474, 507, 508).

10X moves to seal all or part of four exhibits admitted at trial, or in the alternative, to redact or supply substitute exhibits limited to the portions actually displayed or discussed during trial. (D.I. 474 at 1). The exhibits are a 10X presentation titled "Gel Bead and Barcode Library" (PTX-333), a 10X presentation titled "Chemical Synthesis—Surfactants" (PTX-341), and two spreadsheets of 10X total revenue and US revenue (DTX-1482 and PTX-1255). (*Id.* at 2–4).

I consider this motion in light of the Third Circuit's statement of relevant legal principles:

> It is well established that the release of information in open court is a publication of that information and, if no effort is made to limit its disclosure, operates as a waiver of any rights a party had to restrict its future use. The references to the confidential documents made in open court may have constituted a sufficient publication. But, in any event, we hold that [the moving party's] failure to object to the admission into evidence of the documents, absent a sealing of the record, constituted a waiver of whatever confidentiality interests might have been preserved under the [protective order].

*Littlejohn v. Bic Corp.*, 851 F.2d 673, 680 (3d Cir. 1988) (internal quotation marks and citations omitted).

All four exhibits were admitted in whole, without objection, during trial.[1] (Trial Tr. at 557:14–558:3, 1176:11–17). None or very little of each exhibit, however, was actually discussed or published to the jury. Therefore, I will consider 10X's motion as a request to strike the exhibits, in whole or in part, from the record. (*See* D.I. 474, Ex. E (*EMC Corp. v. Pure Storage Inc.*, No. 13-cv-1985-RGA (D. Del. May 13, 2016)).

The two 10X presentations (PTX-333 and PTX-341) appear to include detailed technical information relating to current 10X products. (D.I. 242, Exs. A, B). Disclosure at trial was limited to PTX-333-150 and -163, and PTX-341-1 through -3. I accept that the remaining portions of the presentations contain proprietary and confidential information that 10X's competitors could exploit to obtain a competitive advantage over 10X. Therefore, PTX-333 and PTX-341 are **STRUCK FROM THE RECORD IN PART**. The portions of the exhibits disclosed at trial—PTX-333-1 (cover page), -150, and -163, and PTX-341-1 through -3—should remain in the record, unsealed.

The 10X revenue spreadsheets (DTX-1482 and PTX-1255) appear to include detailed financial information relating to current 10X products for the years 2015–2018. (D.I. 242, Exs. C, D). Neither exhibit was disclosed at trial. Rather, each was introduced as a basis for Mr. Malackowski's damages opinion. DTX-1482 was never explicitly addressed. Mr. Malackowski cited to PTX-1255 on a slide published to the jury. He described the exhibit as "go[ing] to the

---

[1] I strongly encourage counsel to reexamine this practice. It is almost never necessary to admit these exhibits in whole, as the underlying facts and data for expert opinions need not be admissible, let alone admitted into evidence. Fed. R. Evid. 703. It is not the Court's role to clean up counsel's mistakes.

accounting ledgers," and "a spreadsheet that was produced by 10X that shows for [the damages period] on a line item basis the relevant reagents and instruments that have been accused of infringing." (Trial Tr. at 612:23–613:8). Mr. Malackowski did not discuss any specific values from PTX-1255. In fact, Mr. Malackowski was asked to give his damages opinion without "stating what 10X's sales are." (Trial Tr. at 612:23–25). I accept that the spreadsheets contain confidential financial information that could be used to gain a competitive advantage over 10X. Therefore, seeing as the jury did not see or hear testimony on the content of either spreadsheet, both DTX-1482 and PTX-1255 are **STRUCK FROM THE RECORD**.

For the foregoing reasons, 10X's motion to seal (D.I. 474) is **DENIED**. Instead, the exhibits are **STRUCK FROM THE RECORD IN PART**. The parties should submit substitute exhibits containing the remaining portions of PTX-333 and PTX-341, as described above, by COB February 15, 2019.

IT IS SO ORDERED this 11 day of February 2019.

Richard G. Andrews
United States District Judge