

May 23, 2019

**VIA E-FILING**
The Honorable Richard G. Andrews
United States District Judge
J. Caleb Boggs Federal Building
844 N. King Street
Unit 9, Room 6325
Wilmington, DE 19801-3555

      Re:    **Bio-Rad Laboratories, Inc., et al. v. 10X Genomics, Inc.**
               **C.A. No. 15-cv-152-RGA**

Dear Judge Andrews,

    Plaintiffs write to inform Your Honor of recent activity by 10X relevant to Plaintiffs' pending post-trial motions and, in particular, Plaintiffs' motion for a permanent injunction. (D.I. 512). As set forth in the motion, 10X is expanding its infringement of Plaintiffs' fundamental droplet patents to take market share from Plaintiffs in the emerging and highly competitive genomics industry.

    On May 8, 2019, 10X filed suit in this District against another player in the single cell genomics field, Celsee, for patent infringement. (D.I. 1 (19-862-CFC)). There are three significant features of 10X's new complaint that we bring to the Court's attention.

    First, 10X's witness stated that 10X would introduce a design-around in ▇▇▇. The new complaint describes its products and their evolution, but never refers to the introduction of a new version. Although 10X's design-around means there is no harm to 10X from an injunction, in view of its new complaint it appears that it is waiting for this Court's injunction decision before deciding whether to introduce it.

    Second, 10X brags in its new complaint that "10x is now an established market leader in single cell genomics." *Id*. at ¶ 9. Of course, as demonstrated by the jury's November 13, 2018 verdict, 10X's "market leader" status was achieved by infringing Plaintiffs' patents. And 10X's statement that its sales "exceeded $140 million in 2018" [*id.*] means that it has ▇▇▇▇▇▇ its infringement including a spike in sales post-verdict.

    Third, 10X seeks to permanently enjoin Celsee from selling its competing single cell product – the exact relief Plaintiffs seek here. *Id.* at ¶¶ 43, 52, 61, 70, and 79 and p. 18. Taking 10X's own injunctive relief request in this same market at face value, it is inconsistent for it to oppose such a request here.

    Plaintiffs respectfully request that the Court hold oral argument on its permanent injunction motion at its earliest convenience to prevent 10X from further expanding its infringement of the patents-in-suit to unfairly increase its market share.

    We are available at the Court's convenience should Your Honor have any questions.

                Respectfully submitted,

                /s/ Brian E. Farnan

                Brian E. Farnan

cc: Counsel of Record (via E-Mail)