IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BIO-RAD LABORATORIES, INC., et al., : <br> : <br> Plaintiffs, : <br> : <br> v. : <br> : <br> 10X GENOMICS, INC., : <br> : <br> Defendant. : | Civil Action No. 15-152-RGA |

ORDER

A lingering dispute in this case concerns the dropping of the asserted claims of the '148 patent. (*See* D.I. 552, 554). The parties dispute whether they should be dismissed with prejudice.

In my view, when claims or counterclaims are dropped on the eve of trial, they are dropped with prejudice.

By the week before trial, Plaintiffs had narrowed their case to ten asserted claims of five related patents. A few days before trial, the two remaining asserted claims of the '148 patent, one of the five patents, were dropped. I was orally advised of this action. (D.I. 484 at 3:15-24). Defendant did not pursue its '148 patent counterclaims, thereby effectively dropping them too. It is unclear to me whether Defendant formally stated this to Plaintiffs,[1] and I do not think they formally stated it to me. And, of course, given the time constraints of the trial as well as the

---

[1] I do not think Defendant did. Plaintiffs' letter cites circumstantial evidence that Defendant was dropping its counterclaims. (D.I. 552 at 3). I imagine if there were direct evidence, Plaintiffs would have cited that.

relative pointlessness of trying to prove the invalidity of a patent that Plaintiffs had dropped, it does not surprise me that everyone treated it as a foregone conclusion that Defendant would not pursue its invalidity case against the '148 patent.

Plaintiffs now appear to take the position that they should be permitted, if they so choose, to file a new lawsuit today, assert the '148 patent against the same products, and proceed with another trial on the part of the case they dropped immediately before the last trial.

Plaintiffs' position makes no sense to me. Presumably, Plaintiffs dropped the two claims because they adjudged them to be least important to their case. The point of litigation generally, and patent litigation in particular, is to resolve the disputes between the parties. By Plaintiffs' theory, they could have dropped the asserted claims of four of the five patents, tried the one that was left, and then serially filed and tried the asserted claims of the other four patents. I think Plaintiffs' position would allow patent holders, in many cases, to threaten essentially endless litigation. I see lots of cases where a plaintiff asserts a half-dozen or more patents and more than one hundred claims (with defendants asserting similarly untriable numbers of defenses and prior art), and much of the time leading up to trial is spent reducing the case to an actually triable number of claims and defenses. If I were to adopt Plaintiffs' position, I would essentially be greasing the skids for the prospect of endless patent litigation in cases where it is worth it to the parties to litigate at length.

I asked the parties to comment on a recent decision of mine in the Rule 41 context. *See Ferring Pharms Inc. v. Novel Labs, Inc.*, 2018 WL 5085516 (D. Del. Oct. 18, 2018). In that context, "[a] court may place equitable conditions on a dismissal without prejudice to ensure a defendant is not unfairly prejudiced." *Id.* at *1. Plaintiffs responded, in part, by noting that Rule 41 applies to actions, not claims. (D.I. 554 at 3 (citing *Gronholz v. Sears, Roebuck & Co.*,

836 F.2d 515, 518 (Fed. Cir. 1987))). So noted! The alternative, mentioned in *Gronholz*, is to treat the dropping of a claim as an amendment under Rule 15. *See* Fed. R. Civ. P. 15. Under Rule 15, I have "extensive discretion to decide whether to grant leave to amend after the time for amendment as a matter of course has passed." Wright & Miller, Federal Practice & Procedure Civil 3d, § 1486 (2010). In the end, I do not think it is in the interests of justice to permit claims to be dropped on the eve of trial with no consequences.[2] Plaintiffs have made it clear that they do not consent to any "equitable conditions" or the like. (D.I. 554 at 4).

Plaintiffs also assert that the dropping of the '148 patent claims ought to be treated as being pursuant to an agreement with Defendant. (D.I. 552 at 2-3). As far as I can tell from the record that has been presented to me, the parties agreed to reduce the asserted claims to ten. They also agreed to a drop-dead date for any further reductions beyond the time of the reduction to ten. Plaintiffs then dropped the two claims at issue at or before the drop-dead date. I do not see that as being by agreement other than complying with the drop-dead date. But, even if I did, it would not change my conclusion. The claims were not dropped "with the opposing party's written consent," and therefore, they could only be dropped with "the court's leave." Fed. R. Civ. P. 15(a)(2). No one raised the issue of with or without prejudice at the time. The five patents at issue had, I believe, the same written description, and the amount of damages was unaffected by whether there were four or five patents asserted. The claims dropped were both

---

[2] I have read Judge Stark's Order in *Idenix Pharms LLC v. Gilead Sciences, Inc.*, 2018 WL 1313973, at *1 (D. Del. Mar. 14, 2018), *appeal pending*, No. 18-1691 (Fed. Cir.). I acknowledge that in the context of the case he was handling, he reached a different decision, although I also note his language that "[w]hether [the plaintiff] can prevail on any claims for infringement of the unasserted claims ... will depend on application of any and all pertinent legal principles ..., including ... the doctrine of collateral estoppel." *Id.* Thus, I take it he had some of the same concerns that I do, although in the end he chose to exercise his discretion differently than I do.

presumably in or near the bottom half of the asserted claims in trial utility. The interests of finality outweigh Plaintiffs' interests in seeking to be able to assert the claims again.

Plaintiffs' amendment of the complaint to withdraw the previously asserted claims of the '148 patent is **GRANTED**. The claims are **WITHDRAWN WITH PREJUDICE**.

IT IS SO ORDERED this __9__ day of July 2019.

                                                    United States District Judge