

July 29, 2019

**VIA E-FILING**
The Honorable Richard G. Andrews
United States District Judge
J. Caleb Boggs Federal Building
844 N. King Street
Unit 9, Room 6325
Wilmington, DE 19801-3555

      Re:    **Bio-Rad Laboratories, Inc., et al. v. 10X Genomics, Inc.
              C.A. No. 15-cv-152-RGA**

Dear Judge Andrews,

The parties dispute whether pre-judgment or post-judgment interest applies to the amount of the verdict from the date of entry of judgment on the verdict to today.  This amounts to a difference of $430,607.

***Bio-Rad position:***  The parties agree to everything except when prejudgment interest transitions to post-judgment interest.  Bio-Rad contends that the transition date is the final judgment that is now in the process of being entered that includes the verdict amount plus the supplemental damages amount, which is more than a third of the verdict amount.  10x contends that the transition date for the verdict portion of the judgment is the verdict date and for the supplemental damages portion is the final judgment in the process of being entered now.

The parties agree that *Travelers Casualty and Surety Co. v. Insurance Co. of N. America*, 609 F.3d 143, 174-75 (3d Cir. 2010) sets forth the relevant test:  "[T]o count as a 'money judgment' a judgment must include both 'an identification of the parties for and against whom judgment is being entered,' and 'a definite and certain designation of the amount ... owed.'"

Here, the verdict was not the definite and certain designation of the amount owed.  That is because before trial 10x agreed that the supplemental pre-verdict sales would be part of the judgment if the verdict favored Bio-Rad.  D.I. 489 (Hearing Tr. (11/1/18)) at 121:17-122:25.  So, at the verdict date, it was known that the amount owed for the patent infringement to that date was not quantified because an accounting was necessary in the form of supplemental damages to arrive at the true amount due and owing.  Bio-Rad's analysis has the virtue of designating one date for the transition from prejudgment to post-judgement interest.

None of the cases cited by 10x address this situation and the analysis presented by Bio-Rad.  The fact is that at the time of the verdict, it was known and resolved that the amount of infringement liability at that time was unquantified because the necessary accounting of all pre-verdict sales had not taken place.

Bio-Rad's form of judgment (attached as Ex. A) should be entered.

***10X's position:*** Post-judgment interest should apply to the amount of the verdict starting from the date of entry of judgment on the verdict. "[T]o count as a 'money judgment' a judgment must include both 'an identification of the parties for and against whom judgment is being entered,' and 'a definite and certain designation of the amount ... owed.'" *Travelers Casualty and Surety Co. v. Insurance Co. of N. America*, 609 F.3d 143, 174-75 (3d Cir. 2010) (citation omitted). The judgment on the verdict in this case issued on November 14 and it included the identification of the parties for (i.e., Bio-Rad and University of Chicago) and against whom (i.e., 10X) judgment was being entered, and a definite and certain designation of the amount 10X owed to Bio-Rad and University of Chicago: $23,930,718. D.I. 478. Thus, the entry of judgment on the verdict is a money judgment in this case, triggering post-judgment interest under 28 U.S.C. § 1961. As 10X explained in its Opposition to Bio-Rad's Post-Trial Motion (D.I. 524 at 30, citing *Comcast Cable Commc'ns, LLC v. Sprint Commc'ns Co.*, 262 F. Supp. 3d 118 (E.D. Pa. 2017)), and Bio-Rad did not dispute in its Reply (D.I. 536 at 14-15), the entry of judgment on the verdict is a money judgment, and a money judgment triggers post-judgment interest. Citing *Travelers*, this Court reached the same result in *Amgen v. Hospira*, 336 F. Supp. 3d 333 (D. Del. 2018):

> On September 25, 2017, I entered judgment for Amgen and against Hospira on the jury's verdict in the amount of $70 million. (D.I. 327). As of that date, I entered a "money judgment" for Amgen that "include[d] both 'an identification of the parties for and against whom the judgment [wa]s being entered,' and 'a definite and certain designation of the amount... owed.'" *See Travelers*, 609 F.3d at 175 (quoting *Eaves*, 239 F.3d at 533) (brackets added). Accordingly, ***I will award Amgen post-judgment interest on the $70 million damages award beginning on September 25, 2017***. Prejudgment interest, however, will not have been quantified in a money judgment until the date of the final judgment accompanying this opinion. Accordingly, I will award Amgen post-judgment interest on the prejudgment interest commencing on the date of entry of the final judgment quantifying the amount of prejudgment interest owed to Amgen.

This same reasoning was followed in another decision from this District, *Godo Kaisha IP Bridge 1 v. TCL Commc'n Tech. Holdings Ltd.*, No. CV 15-634-JFB, 2019 WL 1877189, at *1 (D. Del. Apr. 26, 2019). In *TCL*, the jury awarded running royalty damages "as applied to revenue from infringing sales up to March 31, 2018." In post-trial motions, the patentee separately sought in relevant part "supplemental damages and an accounting of infringing sales of all adjudicated products through the date of the verdict," and pre- and post-judgment interest. Despite the unquantified amount of supplemental, pre-verdict royalties, the Court applied the post-judgment interest rate to the quantified judgment of the verdict:

> On January 2, 2019, the Court entered judgment following the jury verdict for IP Bridge and against TCL on the jury's verdict in the amount of $950,000. D.I. 512, Judgment Following Verdict (incorporating Special Interrogatories). As of that date, there existed a money judgment for IP Bridge that identified the parties for and against whom the judgment was being entered and set out a definite and certain designation of the amount owed. ***Accordingly, the Court will award IP Bridge post-judgment interest on the $950,000 damages award beginning on date of entry of that judgment.***

2

*Id.* at *6. The Court then ordered an accounting for supplemental damages "for any infringing sales that occurred before the verdict but were not reflected in the last financial discovery produced on March 31, 2018." The Court's final judgment reflects the award of post-judgment interest on the verdict, running from the date of judgment on the verdict forward, plus prejudgment interest on (1) supplemental damages through the date of entry of final judgment, (2) pre-verdict sales through the date of judgment on the verdict. *See Godo Kaisha IP Bridge 1 v. TCL Commc'n Tech. Holdings Ltd.*, No. CV 15-634-JFB, D.I. No. 529, Final Judgment (July 2, 2019). These cases support 10X's position that the entry of judgment on the verdict is a "money judgment" triggering *post*-judgment interest on the amount of the verdict.

10X agrees with Bio-Rad that the entry of judgment on the verdict did not fix the amount of supplemental damages or the amount of prejudgment interest owed on the sales reflected in the verdict. Accordingly, 10X believes prejudgment interest runs on both the supplemental damages and the as-yet-unquantified amount of prejudgment interest owed on the sales reflected in the verdict, from the date of sale to the date of entry of final judgment. For purposes of calculating a final amount, 10X anticipated final judgment would be entered on Wednesday July 31, 2019.

Bio-Rad's position, stated for the first time during the telephonic meet and confer over the weekend, appears to be that because supplemental damages were not awarded in the jury's verdict, the entry of judgment on the verdict is not a "money judgment" under § 1961. Bio-Rad has provided no reason for treating damages stated in the verdict which were specifically awarded and **quantified** in the judgment on the verdict the same as then-*unquantified* supplemental damages and then-*unquantified* prejudgment interest. *TCL* squarely rejects that position as applied to unquantified supplemental damages, and *Comcast* and *Amgen* likewise reject Bio-Rad's reasoning as applied to unquantified prejudgment interest.

Accordingly, 10X's proposed judgment (attached as Ex. B) reflects the following amounts:

- A verdict of $23,930,718 (D.I. 478).
- Post-judgment interest on the verdict running from the date of entry of judgment on the verdict (November 14, 2018) to July 31, 2019, calculated at the T-Bill rate per § 1961, totaling $463,581.
- Prejudgment interest at the Prime Rate on the sales reflected in the verdict, running from the date of sale to the date of entry of judgment on the verdict (November 14, 2018), totaling $1,260,271 (D.I. 515 ¶ 13).
- Supplemental damages of $8,341,368 (D.I. 515 ¶ 11).[1]
- Prejudgment interest at the Prime Rate on the supplemental damages running from the date of sale to date of entry of judgment on the verdict (November 14, 2018), totaling $71,072 (D.I. 515 ¶ 13).
- Prejudgment interest at the Prime Rate on (1) the supplemental damages, (2) prejudgment interest on the supplemental damages, and (3) prejudgment interest on the sales reflected in the verdict, running from the date of entry of judgment on the verdict (November 14, 2018) to July 31, 2019, totaling $357,559.

---

[1] Bio-Rad's Post-Trial Motion (D.I. 513 at 25) mistakenly transposed a number in the supplemental damages. The parties agree that, subject to 10X challenging the jury's 15% royalty rate, $8,341,368 is the correct amount of supplemental damages.

- Post-judgment interest running from August 1, 2019 forward, on the total amount of the judgment, calculated at the T-Bill rate per § 1961, at $1,830 per day.

10X further objects to Bio-Rad's reference to the injunction in the Final Judgment. The injunction must be entered as a separate order under Fed. R. Civ. P. 65(d). There is no need to create confusion and cross-referencing between the Final Judgment and the Permanent Injunction.

Counsel is available at the Court's convenience if Your Honor has any questions concerning this matter.

        Respectfully submitted,

        /s/ Brian E. Farnan

        Brian E. Farnan

cc: Counsel of Record (via E-mail)