

July 31, 2019

**VIA E-FILING**
The Honorable Richard G. Andrews
United States District Judge
J. Caleb Boggs Federal Building
844 N. King Street
Unit 9, Room 6325
Wilmington, DE 19801-3555

      Re:    Bio-Rad Laboratories, Inc., et al. v. 10X Genomics, Inc.
             <u>C.A. No. 15-cv-152-RGA</u>

Dear Judge Andrews,

      Bio-Rad responds to 10X's belated submission today.  10X continues to complicate the entry of an injunction apparently to facilitate a burst of infringing sales.  After submitting 8 pages to respond to Bio-Rad's 2.5 page submission about the injunction, 10X belatedly proposes edits to Section IV with more argument.  This is untimely and Bio-Rad's Section IV should be adopted.

      Importantly, 10X fails to address the use of "new" consumables with 10X's large infringing installed base.  10X's proposal regarding firmware would still allow it to sell consumables (such as expensive surfactants) supposedly for use on new instruments free of the Court-Ordered royalty, but which can be used instead with its infringing installed base.  The jury found these reagents to be specially adapted for infringement.  Indeed, at trial 10X emphasized the unique nature of its so-called "bushy" surfactants.  Now, 10X unilaterally declares them "staples" in contradiction to the jury finding and without evidence.  Bio-Rad respectfully requests that the Court enjoin sales of the consumables (and those not colorably different) found to infringe – without the need for Bio-Rad to somehow trace how such consumables are ultimately used and regardless of what 10X claims its intent when it sells them.  Such an injunction is necessary to avoid evasion.

      Further comment on 10X's approach to the form injunction is warranted.  A week ago 10X asked Bio-Rad for the firmware provision Bio-Rad proposed as Section IV.  Inexplicably, 10X then rejected its own proposal for a firmware provision and flat out refused even to discuss it further.  In the joint submission, instead of proposing the edits to Section IV it now proposes, 10X belittled Bio-Rad by contending that such firmware limits on future products was "doubly inappropriate", "premature", "entirely new," "improper", "highly prejudicial", "impractical," and "burdensome."   Now, 10X fantastically argues that, as of the Monday deadline (two days ago) the firmware had not been completed and that this is why the provision was rejected:   "At the time it received and rejected Bio-Rad's proposal on Monday, 10X had not completed the development of firmware…"   These gyrations and complications are cynical gamesmanship that should not be permitted to impede entry of the injunction.

      We are available at the Court's convenience if Your Honor has any questions concerning this matter.

                        Respectfully submitted,

                        /s/ Brian E. Farnan

                        Brian E. Farnan

cc: Counsel of Record (via E-mail)