IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

THE UNIVERSITY OF CHICAGO and BIO-
RAD LABORATORIES, INC.

Plaintiffs,

v.

10X GENOMICS, INC.

Defendant.

Civ. A. No. 15-152-RGA

**PUBLIC REDACTED**
**VERSION**

## DEFENDANT'S EMERGENCY MOTION FOR APPROVAL OF SUPERSEDEAS BOND AND STAY OF EXECUTION OF JUDGMENT

Pursuant to Federal Rule of Civil Procedure 62(b), Defendant 10X Genomics ("10X") hereby moves the Court to approve a Supersedeas Bond in the amount of $35,088,725 and to stay, pending appeal, execution of the Court's forthcoming judgment in the amount of $34,475,069. *See* D.I. 577.1 (proposed final judgment). A bond of $35,088,725 covers the full judgment plus 12 months of post-judgment interest, which is expected to cover the time for appeal to the Federal Circuit. Pursuant to Local Rule 7.1.1, the parties have conferred and Plaintiffs indicated that they oppose this motion because they contend that the bond should include additional amounts (totaling more than $16 million, and amounting to a *50 percent* increase to the final judgment) that were not awarded in the Final Judgment or ordered escrowed in the Permanent Injunction. Plaintiffs therefore will not accept a bond of less than $52,000,000. 10X respectfully requests that the Court order Plaintiffs to respond by 5 p.m. Eastern on Friday, August 16, and rule on this motion as soon as possible. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

███████████████████████████████████████████████████

███

In support of this Motion, 10X Genomics states as follows:

1.      On February 12, 2015, RainDance Technologies, Inc. and the University of Chicago filed suit against 10X Genomics, Inc. alleging infringement of several patents.  On May 30, 2017, Bio-Rad Laboratories Inc. substituted for RainDance.  D.I. 180.  The court held a jury trial from November 5 to 13, 2018.  Only three patents remained at issue at the time of verdict: U.S. Patent Nos. 8,889,083 ("the '083 patent"), 8,304,193 ("the '193 patent"), and 8,329,407 ("the '407 patent").  *See* D.I. 477.  The jury found all three patents valid and infringed and awarded Plaintiffs $23,930,718 in damages.  *Id.*

2.      On November 26, 2018, the parties stipulated and the Court ordered that the "Determination of ongoing royalties is SEVERED AND STAYED pending resolution of any appeal."  D.I. 506.

3.      On July 24, 2019, the Court awarded Plaintiffs supplemental damages covering infringing sales from July 1, 2018 to the date of the verdict.  D.I. 568 at 22-23.

4.      Despite the November 26, 2018 Order, Plaintiffs argued that 15% of post-verdict, pre-injunction sales must be escrowed.  D.I. 570 at 3.  10X explained that, in addition to the prior Order severing and staying ongoing royalties, neither party had briefed either the amount of ongoing royalties or Plaintiffs' entitlement to ongoing royalties in light of, e.g., exhaustion principles.  *Id.* at 8-9.

5.      On August 12, 2019, the Court denied Plaintiffs' request that royalties on post-verdict, pre-injunction sales (i.e., ongoing royalties) must be placed in escrow as part of the terms of the Court's permanent injunction.  D.I. 576 at 5.  The Court explained that this was

because the determination of post-verdict, pre-injunction ongoing royalties were severed and stayed pending appeal and are "beyond the proper scope of the injunction." *Id.*

6.     On August 14, 2019, the parties jointly submitted a Proposed Final Judgment in Plaintiff's favor for $34,475,069. D.I. 477.1. The Proposed Final Judgment includes the jury's verdict, supplemental damages from July 1, 2018 to November 14, 2018, interest, and a daily post-judgment interest amount. Consistent with the Court's earlier ruling severing and staying the issue of ongoing royalties, the judgment does not include any provisions concerning post-verdict, pre-injunction royalties.

7.     10X will file an appeal to the United States Court of Appeals for the Federal Circuit from both the forthcoming Final Judgment and the Permanent Injunction Order (D.I. 578), and respectfully requests a stay and suspension of execution of the Final Judgment pending the determination of that appeal pursuant to Federal Rule of Civil Procedure 62(b). *See also* D.I. 574 (Protective Notice of Appeal).

8.     10X diligently sought Plaintiffs' position on the amount of bond, beginning July 27, 2019 and continuing through August 14, 2019. Plaintiffs did not respond substantively until the afternoon of August 14, 2019, and demanded that 10X post a bond for $52 million, to include "$36 million for the verdict and $16 million for the subsequent pre-injunction infringement." Plaintiffs' demand includes two parts, both of which are improper and excessive. First, as to the newly identified additional $16 million for the post-verdict, pre-injunction sales Plaintiffs are seeking, Plaintiffs are for the second time trying to side-step the Court's Orders that severed and stayed the determination of ongoing royalties, and are indeed seeking a determination of royalties that have never been awarded to Plaintiffs. Further, until today, despite 10X's repeated attempts to discuss bond issues with the Plaintiffs over 2.5 weeks, Plaintiffs never previously

requested discovery on 10X's post-verdict sales and Plaintiffs have no basis for reliably estimating the amount of post-verdict, pre-injunction sales. Plaintiffs also refused to explain their methodology used for determining the $16 million amount. Second, as to the request for $36 million, Plaintiffs have not explained how they calculated this amount, but it exceeds the amount of the final judgment by $1.5 million and thus includes *2.5 years* of post-judgment interest.

      9.     Under Rule 62(b), a party may stay a judgment pending appeal if the party posts an appropriate supersedeas bond. "'The purpose of the supersedeas bond under Rule 62(d)[1] is to preserve the status quo during the pendency of an appeal and protect the winning party from the possibility of loss resulting from the delay in execution. The bond in whatever form should generally be sufficient in amount to satisfy *the judgment*, plus interest and costs.'" *VICI Racing, LLC v. T-Mobile USA, Inc.*, 921 F. Supp. 2d 317, 335 (D. Del. 2013), *vacated in part on other grounds*, 763 F.3d 273 (3d Cir. 2014) (emphasis added) (quoting *Evergreen Community Power LLC v. Riggs Distler & Co., Inc.*, No. 10-728, 2012 WL 3781538 (E.D. Pa., Aug. 31, 2012)).

      10.     The amount that 10X proposes for its bond, $35,088,725, includes 1 year of post-judgment interest, which is "sufficient in amount to satisfy the judgment, plus interest and costs" following appeal. *Id.* From FY09 to FY18, the median length of an appeal from the district court to the Federal Circuit was 11.9 months.[2] Courts in this Circuit use the estimated time for appeal to determine the potential amount of post-judgment interest and to calculate an appropriate bond. *See, e.g., Church & Dwight Co. v. Abbott Labs.*, No. CIV 05-2142 GEB-LHG,

---

[1] Rule 62 was amended and "Subdivision 62(b) carries forward in modified form the supersedeas bond provisions of former Rule 62(d)." *See* Advisory Committee Notes to 2018 Amendment.

[2] *See* http://www.cafc.uscourts.gov/sites/default/files/the-court/statistics/07_Med_Disp_Time_ MERITS_table.pdf.

2009 WL 2230941, at *17 (D.N.J. July 23, 2009), dismissed, 368 F. App'x 117 (Fed. Cir. 2009); *Cashman Equip. Corp. v. U.S. Fire Ins. Co.*, No. CIV.A. 06-3259, 2008 WL 5000355, at *6 (E.D. Pa. Nov. 21, 2008) (considering median duration between the filing of a notice of appeal with the Third Circuit to determine the amount of bond); *see also Inventor Holdings LLC v. Bed Bath & Beyond Inc.*, C.A. No. 14-cv-448-GMS (D. Del. Sept. 20, 2016) (approving bond including judgment plus 12 months of post-judgment interest).

11.     10X should not be required to bond the as-yet-unawarded (indeed, undetermined) post-verdict, pre-injunction royalties the Plaintiffs already agreed to defer until after appeal. "The purpose of the supersedeas bond is to preserve the status quo during the pendency of an appeal. It protects the winning party from the possibility of loss resulting from the delay in execution ... The bond should normally be sufficient in amount to satisfy *the judgment* in full, plus interest and costs." *Schreiber v. Kellogg*, 839 F. Supp. 1157, 1159 (E.D. Pa. 1993) (citations omitted). It is not appropriate to require a bond to cover amounts outside the judgment. For example, in *Southern Track & Pump, Inc. v. Terex Corp.*, No. CV 08-543-LPS, 2014 WL 4825249, at *2 (D. Del. Sept. 29, 2014), Judge Stark rejected the plaintiff's attempt to include attorney fees that had not yet been quantified in the appeal bond. Judge Stark explained that there was "no need to increase the supersedeas bond amount to include an estimate of Plaintiff's attorneys' fees and costs" where parties "defer[ed] quantifying Plaintiff's attorneys' fees and costs until after the pending appeal is concluded." *Id. See also St. Jude Med., Inc. v. Access Closure, Inc.*, No. 4:08-CV-04101, 2012 WL 6599140, at *2 (W.D. Ark. Dec. 18, 2012) ("The Court sees no reason why Plaintiff should obtain an advance on its postjudgment-interest relief while waiting as planned for its other relief. Plaintiff cannot lose what it does not have, and right now it does not have a present claim to post-judgment interest. In short, Plaintiff agreed

not to worry about post-judgment interest until Defendant's appeal is through, and it must stand by that agreement.").

12.     Plaintiffs have not identified any case that supports their excessive demand. Plaintiffs have pointed to *ActiveVideo Networks, Inc. v. Verizon Communications, Inc.*, No. 2011-1538, 2012 WL 10716768 (Fed. Cir. Apr. 2, 2012), in support of their position.  In *ActiveVideo*, the district court's injunction included a six-month sunset period.  During that period, the injunction ordered Verizon to pay royalties.  Verizon sought to stay the injunction pending appeal and offered to bond the court-ordered sunset royalties.  The Federal Circuit granted the motion to stay, "conditioned on Verizon's posting a bond with the district court for the payment of sunset royalties that became due during the sunset period." *Id.* at *2. *ActiveVideo* has no application here, where the Court has not awarded pre-injunction, post-verdict royalties, nor ordered 10X to escrow those payments as a condition of the injunction.  In fact, the Court expressly *denied* that relief to Plaintiffs. *See* D.I. 576 at 5.  Plaintiffs have not cited any authority for the proposition that 10X should bond amounts that have never been awarded or quantified, and may never be.

13.     Accordingly, 10X respectfully requests that the Court permit it to post a bond in the amount of $35,088,725 as a reasonable security during the pendency of the appeal.  A proposed form of bond is attached as Ex. A.

14.     

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████ 10X already has

agreements in place to secure a bond of $35,088,725. As explained above, 10X made good faith

efforts to confer with Plaintiffs on the amount such that the parties could stipulate to the amount,

but Plaintiffs refused to engage substantively on the amount until August 14, 2019. In light of

these circumstances, 10X was forced to file this emergency motion.

WHEREFORE, for the foregoing reasons, 10X respectfully requests that the Court order

Bio-Rad to respond to this motion by 5 p.m. eastern on Friday, August 16 and enter the ORDER

APPROVING AMOUNT OF BOND AND STAYING ENFORCEMENT OF JUDGMENT

attached hereto, and stay enforcement of the Judgment pending appeal. Should the Court find

another bond amount to be more appropriate, however, 10X respectfully requests that the Court

stay execution of the Judgment and permit 10X to post a bond in an amount the Court deems

reasonable.

RICHARDS, LAYTON & FINGER, P.A.

*Of Counsel*:

ORRICK HERRINGTON &
  SUTCLIFFE LLP

E. Joshua Rosenkranz
(jrosenkranz@orrick.com)
Melanie L. Bostwick
(mbostwick@orrick.com)
Elizabeth R. Moulton (emoulton@orrick.com)
51 West 52nd Street
New York, NY 10019-6142
(212) 506-5380

TENSEGRITY LAW GROUP LLP

Matthew Powers
(matthew.powers@tensegritylawgroup.com)
Azra Hadzimehmedovic
(azra@tensegritylawgroup.com)
Robert Gerrity
(robert.gerrity@tensegritylawgroup.com)
555 Twin Dolphin Drive
Suite 650
Redwood Shores, CA 94065
(650) 802-6000


DATED: August 15, 2019

*/s/ Frederick L. Cottrell, III*
Frederick L. Cottrell, III (#2555)
Jason J. Rawnsley (#5379)
Alexandra M. Ewing (#6407)
920 North King Street
Wilmington, DE 19801
(302) 651-7550
cottrell@rlf.com
rawnsley@rlf.com
ewing@rlf.com


*Attorneys for 10X Genomics, Inc.*