IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BIO-RAD LABORATORIES, INC., et al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | Civil Action No. 15-152-RGA |
| | : | |
| v. | : | |
| | : | |
| 10X GENOMICS, INC., | : | |
| | : | |
| Defendant. | : | |

**ORDER DENYING STAY**

Defendant filed a motion to stay execution of an approximately $35,000,000 judgment and to stay briefing on the question of ongoing royalties. (D.I. 618). It was accompanied by a brief and a request for expedition. (D.I. 619, 621). I effectively granted the request for expedition by requiring Plaintiffs to respond in two business days, which they have. (D.I. 623).

I have read the two briefs.

The relevant facts can be set forth briefly. Plaintiffs won a judgment for $34,475,069 for patent infringement. I entered a final judgment on August 15, 2019. (D.I. 582). Defendant posted a supersedeas bond of $52,000,000 on September 13, 2019. (D.I. 605). I then stayed execution of the judgment until "completion of the appeal" plus thirty days. (D.I. 608). Defendant appealed, and in due course, the Court of Appeals affirmed-in-part, reversed-in-part, vacated-in-part, and remanded. (D.I. 613-2). The Court of Appeals affirmed the damages award. (D.I. 613-1 at 34). The mandate of the Court of Appeals issued November 12, 2020.

(D.I. 613). Plaintiffs demanded payment no later than December 15, 2020. Defendant says, absent relief, it will pay the money on December 15, 2020. (D.I. 619 at 1).

The basis for the stay is an as-yet-unfiled motion under Rule 60. Defendant intends to allege fraud. It cites Rules 60(b)(3) and Rule 60(d) as the basis for the forthcoming motion. (D.I. 619 at 6). Plaintiffs respond that a Rule 60(b)(3) motion would be time-barred. Neither side cites any cases. Rule 60(b)(3) motions have to be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Is a final judgment that is appealed the date from which the clock starts running? According to Wright, Miller & Kane, Federal Practice & Procedure, Vol. 11, § 2866, at 548-49 & n.14 (2012), "The one-year limit on motions [including Rule 60(b)(3) motions] runs from the date the judgment was entered in the district court. . . . [I]t is held that the pendency of an appeal does not extend the one-year limit." (*Id.*, citing courts of appeals decisions from the Tenth, Ninth, D.C., Seventh, Fifth, and Eighth Circuits). In short, a motion based on Rule 60(b)(3) appears to be a non-starter since it is time-barred.

Nor is a motion under Rule 60(d) viable. Such a motion requires an allegation of fraud by an officer of the court. *See Damiani v. Duffy*, 2017 WL 635644, *3 (D.Del. Feb. 16, 2017).

I do not think Defendants have suggested a plausible attack on the judgment, and thus they are unlikely to succeed on the merits.

Nor is there any irreparable harm. Defendant has the cash to pay the judgment. If, notwithstanding the above, the judgment later is vacated, there is no reason to believe Plaintiff Bio-Rad won't be able to pay the money back.

Given the above two conclusions, I do not need to consider this motion further. Either one would be sufficient by itself as a basis to deny the motion. The motion to stay execution on

the judgment (D.I. 618) is **DENIED**.   There is no particular reason to consider the royalties briefing part of this motion at this time.  No motion is pending, and there is no need for expedition.  The motion to stay the briefing on royalties (D.I. 618) is **DISMISSED** as premature.

    IT IS SO ORDERED this 14th day of December 2020.

/s/ Richard G. Andrews____
United States District Judge